116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lester W. GILBERT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3502.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 95 C 2205; Harold A. Baker, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Lester Gilbert pleaded guilty to and was convicted of unlawful possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). At sentencing, the district court increased his offense level pursuant to U.S.S.G. § 4B1.4(b)(3)(A) and found that he satisfied the armed career criminal provisions of 18 U.S.C. § 924(e)(1) (providing for a mandatory minimum 15-year sentence). The court then sentenced Gilbert to 188 (15 years and 8 months) months' imprisonment and to an additional five years of supervised release. After an unsuccessful direct appeal,[1] Gilbert filed a motion to set aside or vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing: (1) that his conviction and sentence violated the Double Jeopardy clause; (2) that 18 U.S.C. § 924(e)(1) is unconstitutional because it fails to specify a maximum sentence; (3) that his guilty plea was involuntary because the district court failed to comply with Federal Rule of Criminal Procedure 11 during his plea hearing; and (4) that his counsel's failure to raise these challenges on direct appeal violated his rights under the Sixth Amendment. The district court denied his motion, and for the reasons stated below, we affirm[2]
 
 
 2
 Gilbert argues that his conviction and sentence violates the Fifth Amendment's protection against Double Jeopardy because the firearm (on which his § 922 offense was predicated) was already subjected to forfeiture proceedings. This argument faces several hurdles. First, Gilbert arguably waived this argument by pleading guilty. A voluntary plea of guilty waives all non-jurisdictional defenses, "even constitutional violations 'not logically inconsistent with the valid establishment of factual guilt." ' United Stales v. Bell, 70 F.3d 495, 496 (7th Cir.1995) (quoting Menna v. New York, 423 U.S. 61, 63 n. 2 (1975)). Double Jeopardy arguments are no exception to this rule. See United States v. Broce, 488 U.S. 563, 569 (1989). The government waived this defense, however, by not raising it in the district court or on appeal. See Doe, 51 F.3d at 699 (noting that "waiver--whether on the part of the defendant or the government--is an affirmative defense and, as such, can itself be waived by not being raised") (internal quotations and citation omitted).[3] But clearing this hurdle gains Gilbert little because the record fails to show that his firearm was actually forfeited.[4] Assuming that Gilbert's firearm was forfeited pursuant to § 924(d), the district court denied his claim pursuant to United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984), which held that forfeitures pursuant to § 924(d) are civil and remedial, rather than criminal and punitive, and thus do not constitute jeopardy. Gilbert argues that the law has now changed, pointing to United States v. Heitzman, 886 F.Supp. 737, 738 (E.D.Wash.1994) (holding that forfeiture pursuant to § 924(d)(1) constitutes "punishment" under the Fifth Amendment). We decline Gilbert's invitation to follow Heitzman. "The question whether a civil forfeiture proceeding is punishment within the meaning of the Eighth Amendment has now been answered 'no' by the Supreme Court." United States v. Evans, 92 F.3d 540, 542 (7th Cir.), cert. denied, 117 S.Ct. 537 (1996) (citing United States v. Ursery, 116 S.Ct. 2135, 2146-47 (1996)). In Evans, we further noted that a double jeopardy claim is "frivolous from the start" where a defendant complains of an administrative forfeiture rather than a judicial forfeiture. Id. (explaining that "no judgment is entered (so no jeopardy attaches)" unless the person whose property was seized take the proper stops to get it returned, for instance, by showing up at the forfeiture hearing and contesting forfeiture). Notably, Gilbert has not demonstrated that he presented a claim at or otherwise was a party to the forfeiture proceeding--if, in fact, it occurred. Thus, at most he has suffered an administrative forfeiture that did not in any way put him in jeopardy. See also United States v. Vega, 72 F.3d 507, 514 (7th Cir.1995), cert. denied, 116 S.Ct. 2529 (1996) (citing United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 513 U.S. 1059 (1994) (A "nonparty" to a forfeiture proceeding is "without risk of a determination of guilt" and thus cannot argue that the forfeiture proceeding put him in "jeopardy.")
 
 
 3
 Gilbert's § 2255 petition also claims that § 924(e)(1) is unconstitutional because it fails to specify a maximum penalty. (Again, the government addressed this claim on the merits rather than arguing in the district court that Gilbert waived it by pleading guilty.) According to § 924(e)(1), "[any] person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense ... shall be fined not more than $25,000 and imprisoned not less than fifteen years...." 18 U.S.C. § 924(e)(1). On appeal, Gilbert (unsuccessfully) challenged the district court's finding that he had accumulated three prior felony convictions, and thus that he faced a mandatory minimum 15-year sentence. His current request for collateral relief challenges § 924(e)(1) for being unconstitutionally vague. Significantly, this court has rejected this argument in other circumstances. See United States v. Bridges, 760 F.2d 151, 154 (7th Cir.1985) (upholding constitutionality of 18 U.S.C. § 841(b)(1)(A) despite its failure to specify a maximum parole term). After noting that "it is well established that a sentencing statute is not unconstitutional because it fails to specify the maximum sentence," Bridges reasoned that § 841(b)(1)(A) authorized a life sentence by virtue of its silence on this issue. Id. (collecting similar cases). Likewise, in United States v. Jackson, 835 F.2d 1195, 1197 (7th Cir.1987), cert. denied, 485 U.S. 969 (1988), this court found that 18 U.S.C.App. § 1202 (repealed 1986 and superseded by the Armed Career Criminal Act)--authorized a life sentence despite its silence regarding its maximum penalty. Accepting the reasoning from these cases, we reject Gilbert's argument that § 924(e)(1) is unconstitutionally vague. Our conclusion also finds support in the Fifth Circuit. See United States v. Davis, 801 F.2d 754, 755-56 (5th Cir.1986) (upholding the constitutionality of § 924(e) despite its failure to explicitly state a maximum penalty).
 
 
 4
 Gilbert's § 2255 petition also claimed that the plea hearing judge violated Rule 11 by failing to inform him of (1) the maximum penalty he would face if he pleaded guilty, (2) the effect of a term of supervised release, and (3) that he could not withdraw his plea even if the court imposed a sentence not contemplated in the plea agreement. Perhaps aware that § 2255 does not provide a remedy for mere rule violations that do not amount to constitutional or jurisdictional errors (unless they result in a complete miscarriage of justice), see United States v. Timmreck, 441 U.S. 780 (1979); Guinan v. United States, 6 F.3d 468, 470 (7th Cir.1993); Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993), Gilbert argues that the alleged Rule 11 violations rendered his guilty plea involuntary and thus unconstitutional. Gilbert fails to understand, however, that the protections under Rule 11 are greater, however, than those provided by the Due Process Clause. See Scott, 997 F.2d at 342; Haase v. United States, 800 F.2d 123, 127 (7th Cir.1986) ("Rule 11 is a device for protecting [the voluntariness of guilty pleas] but the scope of the Rule does not equal the more limited scope of the constitutional right."). A guilty plea is voluntary under the Due Process Clause "[if] the defendant possesses an understanding of the law in relation to the facts." Boykin v. Alabama, 395 U.S. 238, 243 n. 5 (1969). Gilbert points to Mabry v. Johnson, 467 U.S. 504, 511 (1984), where the Court acknowledged that a plea could be challenged under the Due Process Clause where the defendant was not "fully aware of the likely consequences when he pleaded guilty." Because the district court never clearly told him (although the probation officer did)[5] that the maximum sentence for his offense was life imprisonment, he claimed he was not fully aware of the likely consequences of his plea and therefore that it was involuntary.
 
 
 5
 In Haase, this court considered a similar argument in a § 2255 case where the defendant challenged the voluntariness of his plea based on the judge's failure to advise him of the specific intent element of his offense. Haase, 800 F.2d at 127. We noted that noncompliance with Rule 11 alone does not make a plea involuntary. Rather, voluntariness depends on whether--considering all the circumstances--the defendant was informed of his rights. See id; see also United States v. Fox, 941 F.2d 480, 485 (7th Cir.1991). Despite the "numerous shortfalls" in the plea hearing in Haase, we noted that the record showed that the hearing provided the defendant with sufficient information for him to understand the elements of his crime, and thus we found no "constitutional violation justifying section 2255 relief." See Haase, 800 F.2d at 127-28.
 
 
 6
 Despite the court's failure to clearly tell Gilbert that he faced, at a maximum, a life sentence, the court advised him that he would get at least 15 years and that his Guideline sentencing range was 180-293 months. (Plea Tr. at 88.) Although this range is less than life imprisonment, we do not think this discrepancy reasonably affected Gilbert's decision to plead guilty. Cf. United States v. Padilla, 23 F.3d 1220, 1221 (7th Cir.1994) (overlooking Rule 11 violation where defendant was aware of sentencing guideline range in excess of statutory minimum). Moreover, Gilbert's due process challenge to the guilty plea hearing is weakened by the fact that Gilbert was present when the probation officer stated that Gilbert could get life. We also note that Gilbert never moved to withdraw his plea or otherwise suggest that he had in any way been misled or prejudiced as a result of the plea negotiations. Indeed, at no time during the plea colloquy did Gilbert express that he did not understand the consequences of his plea: When asked if he understood the worst thing that could happen to him, he replied, "Yes, sir, I do." (Tr. at 88). Hence, under these circumstances, we cannot conclude that when pleading guilty he misunderstood the consequences of his plea. See Fox, 941 F.2d at 485; Haase, 800 F.2d at 127-28; Bachner v. United States, 517 F.2d 589, 595 (7th Cir.1975).
 
 
 7
 We can quickly dispose of Gilbert's remaining due process challenges to his Plea Hearing based on the judge's alleged failure to advise him about the effect of supervised release or that he could not withdraw his guilty plea. During the plea colloquy, the judge advised Gilbert that "you have to serve a period of supervised release following any period of imprisonment" (Plea Tr. at 82.) The judge further stated that "the court is not bound by any recommendation that the government makes to the court." (Plea Tr. at 95.) The court specifically advised him that it could depart upward from the applicable sentencing range if it found a departure warranted based on information provided in the presentence report. (Plea Tr. at 88.) Looking at the totality of the circumstances, we are convinced that when pleading guilty Gilbert understood the law in relation to the facts, and understood the circumstances of his plea. Hence, his plea was voluntary within the meaning of the Due Process Clause. See Boykin, 395 U.S. at 243 n. 5; Haase, 800 F.2d at 127-28. Cf. United States v. Saenz, 969 F.2d 294, 296 (7th Cir.1992) (overlooking judge's failure to advice defendant of supervised release element of his sentence where combined terms of supervised release and imprisonment were less than maximum prison term of which the defendant was advised); United States v. Diaz-Vargus, 35 F.3d 1221, 1224 (7th Cir.1994) (overlooking court's failure to advise defendant that his guilty plea could not be withdrawn where the record showed that the omission did not likely affect the defendant's decision to plead guilty).
 
 
 8
 Finally, we address Gilbert's claim that his counsel's failure to raise the foregoing arguments on direct appeal constitutes deficient performance. Because the failure to raise losing arguments cannot constitute ineffective assistance of counsel, see Stone v. Farley, 86 F.3d 712, 717 (7th Cir.), cert. denied, 117 S.Ct. 973 (1997), Gilbert's Sixth Amendment claim necessarily fails.
 
 
 9
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 On appeal, Gilbert argued (1) that the seizure of the firearm was pursuant to an illegal arrest and thus should have been suppressed, and (2) that the district court wrongly sentenced him under the Armed Career Criminal Act and under the Sentencing Guidelines. See United States v. Gilbert, 45 F.3d 1163 (7th Cir.1995)
 
 
 [2]
 Although the government did not raise a procedural default defense before the district court, it argues on appeal that Gilbert waived his § 2255 claims by failing to raise them on direct appeal. Notably, this court confronted a similar situation in Doe v. United States, 51 F.3d 693 (7th Cir.), cert. denied, 116 S.Ct. 205 (1995). In Doe, we acknowledged that the defendant could have argued on appeal that the government had waived its procedural default defense. Id. at 699. But because the defendant's counsel failed to challenge the government on this issue (in the defendant's reply brief), we applied the usual procedural default analysis--considering whether the defendant showed cause for and prejudice from his default, or whether our failure to address the issue would result in a fundamental miscarriage of justice. See id. Unlike Doe, Gilbert's reply brief challenged the government's reliance on procedural default principles because the government failed to raise this issue before the district court. Hence, we consider the merits of Gilbert's § 2255 petition because the government has waived its waiver argument. See also United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992)
 
 
 [3]
 If the government had raised this defense, Gilbert could have argued that the waiver rule did not apply because his petition also challenged the voluntariness of his guilty plea
 
 
 [4]
 Gilbert claims he received notice of the forfeiture proceedings, but the government asserts that no forfeiture proceedings occurred. Gilbert urges this court to overlook his lack of proof of forfeiture because his attempt to supplement the record with the forfeiture order was thwarted by the district court's denial of his discovery motions
 
 
 [5]
 The hearing transcript reveals the plea hearing judge's confusion concerning the maximum sentence allowable under § 924(e). (Plea Tr. at 91.) The transcript also shows that the probation officer advised the court that the maximum penalty was life imprisonment. (Plea Tr. at 89.) Moreover, the transcript clearly shows that the judge advised Gilbert that his Guideline sentence would be between 180-293 months. (Plea Tr. at 88.)