**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Patrick J. DOHERTY, Defendant–Appellant.**

**No. 93–1929.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1993.

Decided March 2, 1994.

James L. Santelle, Asst. U.S. Atty. (argued), Milwaukee, WI, for plaintiff-appellee.

Joseph F. Owens (argued), Arthur & Owens, New Berlin, WI, for defendant-appellant.

Before BAUER, FRIEDMAN * and RIPPLE, Circuit Judges.

FRIEDMAN, Circuit Judge:

In the prior appeal in this case, we affirmed the appellant Doherty's conviction for bank fraud, in violation of 18 U.S.C. § 1344 (1988), based upon his conditional guilty plea, and remanded the case for resentencing. *United States v. Doherty*, 969 F.2d 425 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 607, 121 L.Ed.2d 542 (1992). On the remand, Doherty moved to withdraw his guilty plea. He contended that our decision in the prior appeal rendered the indictment duplicitous. The district court denied his motion to with-

---

\* Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

draw the plea. We hold that the district court did not abuse its discretion in so doing, and therefore affirm.

## I

The pertinent facts of the underlying bank fraud case were set forth in our prior opinion. Doherty engaged in a check kiting scheme involving two banks, in each of which he had an account. He drew a check against the account in one bank that did not have sufficient funds to cover it, deposited that check in the account in the second bank, and then drew a check on the second account (which also did not have sufficient funds to cover it) and deposited it in the first account to cover the check previously drawn on that account. He continued this practice for about a month and wrote almost forty bad checks. When the scheme finally was exposed, one of the banks lost approximately $96,721.

Doherty was indicted in the United States District Court for the Eastern District of Wisconsin on three counts of bank fraud. He moved to dismiss the indictment on the ground that it "fails as a matter of law to contain allegations which constitute a violation of 18 U.S.C. § 1344 and is therefore jurisdictionally defective." He contended that § 1344 does not cover bank fraud committed by check kiting. Doherty relied primarily on *Williams v. United States,* 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982), where the Supreme Court held that check kiting itself did not constitute the making of a "false statement or report" to a financial institution, in violation of 18 U.S.C. § 1014.

The district court denied Doherty's motion. It pointed out that 18 U.S.C. § 1344, which was enacted after *Williams* and under which Doherty was indicted, prohibits a scheme or device "(1) to defraud a financial institution" or (2) to obtain property from a financial institution by false representations. The court stated that subparagraph (1) of the statute specifies, as one way to commit the crime of bank fraud, a scheme "to defraud a financial institution. There is no requirement that the fraud be in the form of a statement or report, as there is in § 1014."

Doherty then entered into a written plea agreement with the government under which he agreed to plead guilty to Count I and the government agreed to move to dismiss Counts II and III. The guilty plea was to be conditional in that the plea agreement stated that Doherty "specifically reserves his right to appeal to the United States Court of Appeals for the Seventh Circuit the pretrial decision of the United States District Court for the Eastern District of Wisconsin, denying his motion to dismiss the indictment, as entered on June 17, 1991, and that the defendant does not waive his right to appeal that decision by entering into this conditional plea, entered into pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure." The plea agreement also stated that Doherty "acknowledges that he has read and fully understands the charges contained in the Indictment and fully understands the nature and elements of the crimes with which he has been charged and further that those charges and the several terms and conditions of this plea agreement have been fully explained to him by his attorney," and that Doherty "is, in fact, guilty of the criminal offense described in" Count I.

In sentencing Doherty following his guilty plea, the district court rejected the government's recommendation that Doherty's sentence should be enhanced by two levels for "more than minimal planning" under § 2F1.1(b)(2)(A), cross referencing § 1B1.1, application note 1(f) (definition), of the Sentencing Guidelines.

Doherty appealed the district court's refusal to dismiss the indictment, and the government appealed the district court's refusal to enhance the sentence. We stated our disposition of the appeal as follows: "We affirm Doherty's conviction, vacate his sentence, and remand to the district court for resentencing." 969 F.2d at 427. We stated that § 1344, "which reads in the disjunctive, establishes two distinct, albeit closely related, offenses: (1) schemes to defraud financial institutions; and (2) schemes to obtain money, etc., from financial institutions by false pretenses, representations or promises." *Id.* Noting the government's concession that

"Doherty did not violate § 1344(2), a wise concession given *Williams v. United States*, 458 U.S. 279, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982)," we held that "§ 1344(1) unambiguously encompasses bare check kiting schemes." *Id.* at 427, 429–430.

We further held that "[t]he district court committed clear error by declining to consider the applicability of this prong of the 'more than minimal planning' enhancement. We vacate Doherty's sentence and remand for resentencing to give the court an opportunity to do so." *Id.* at 430.

Following remand, Doherty moved to withdraw his guilty plea. The district court denied the motion and resentenced Doherty. In this appeal Doherty challenges only the district court's denial of his motion to withdraw his guilty plea.

## II

A defendant has no "absolute right to withdraw his guilty plea." *United States v. Caban*, 962 F.2d 646, 649 (7th Cir.1992). The decision "whether to permit a plea withdrawal rests within the district court's sound discretion, and we will reverse only upon a showing of abuse." *United States v. Groll*, 992 F.2d 755, 757–58 (7th Cir.1993).

Doherty claims, however, that this principle is inapplicable here because his guilty plea was conditional. According to Doherty, he "expressly preserved his objections to the sufficiency of the indictment in his conditional plea agreement," and he therefore may now assert that the indictment is defective because it is duplicitous. Doherty's argument rests upon a misinterpretation of both the nature of conditional guilty pleas and the precise issue he reserved for appellate review by his conditional plea.

Ordinarily, a defendant who pleads guilty cannot appeal from his conviction or challenge the sufficiency of the indictment on appeal. Fed.R.Crim.P. 11(a) advisory committee's note. Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides a limited exception to this rule. It states:

    (2) Conditional Pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

"Federal Rule of Criminal Procedure 11(a)(2) allows a defendant to enter a conditional guilty plea—that is, to reserve in his guilty plea the right to appeal 'the adverse determination of any specified pretrial motions.'" *United States v. Markling*, 7 F.3d 1309, 1312 (7th Cir.1993) (quoting Fed. R.Crim.P. 11(a)(2)). The rule requires a conditional plea to be in writing to "precisely identify which pretrial issues the defendant wishes to preserve for review." *Id.* at 1313. Finally, "conditional pleas will be allowed only when the appellate court's decision will completely dispose of the case." *United States v. Yasak*, 884 F.2d 996, 999 (7th Cir. 1989).

Doherty's "conditional" plea thus necessarily reserved the right to appeal only the denial of his motion to dismiss the indictment on the ground the motion had stated, namely, that the indictment failed to allege a violation of 18 U.S.C. § 1344. The plea agreement explicitly so stated. Doherty reserved the right to appeal "the pretrial decision of the United States District Court for the Eastern District of Wisconsin denying his motion to dismiss the indictment as entered on June 17, 1991." That order denied the motion to dismiss "[b]ecause the statute makes it a crime to knowingly execute, or attempt to execute, a scheme to defraud a financial institution—without regard to making false statements ..."

In other words, Doherty's conditional plea preserved only his right to argue on appeal that the bank fraud committed by check kiting that the indictment charged him with did not violate § 1344. Contrary to Doherty's contention, he did not reserve the right to challenge "the sufficiency of the indictment" in other respects. He argued on appeal the only point he preserved, but lost. Accordingly, the condition specified in his plea was satisfied, and on remand, he stood before the district court as a defendant who had pled

guilty to an indictment that charged a violation of the statute.

Doherty points out that although the district court initially stated that subdivisions (1) and (2) of § 1344 set forth "in the disjunctive, two ways to commit the crime," this court said the statute "establishes two distinct, albeit closely related, offenses...." 969 F.2d at 427. From this he concludes that the duplicity in the indictment did not develop until our decision in the prior appeal, since before that it appeared that Count I charged only a single offense. He contends that "the indictment in which [he] is charged required him to plead simultaneously to two separate crimes, with different legal elements in proof required, all in one breath."

Since in denying Doherty's motion to dismiss, the district court expressly held that a scheme to defraud a financial institution would violate § 1344(1) "without regard to making false statements," Doherty was aware, when he entered his conditional guilty plea, that that was the charge he would have to meet. Indeed, in his plea agreement Doherty acknowledged that he fully understood the charges in the indictment and the nature and elements of the crimes with which he was charged and that he was "in fact, guilty of the criminal offense described in" Count I.

Doherty did not raise any issue about the possible duplicity of the indictment in his motion to dismiss, or preserve that issue for appeal in his plea agreement. Indeed, it is difficulty to comprehend Doherty's claim that he pleaded to an indictment that was duplicitous when, under his own theory, there was no duplicity at the time he filed his plea. Our affirmance of Doherty's conviction left open for the district court on remand only the resentencing that we ordered. There was no basis for Doherty then to contend, or for the district court to accept his contention, that subsequent to his guilty plea, the condition of which was fully satisfied by the appeal, the indictment became duplicitous.

Considering all the circumstances, the district court did not abuse its discretion in denying Doherty's belated motion to with-draw his guilty plea. The order of the district court denying that motion is affirmed.