**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gabriel M. TREJO, Defendant– Appellant.**

**No. 02–3533.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 2003.

Decided July 15, 2003.

Before POSNER, COFFEY, and RIPPLE, Circuit Judges.

### ORDER

Gabriel Trejo, who entered a conditional guilty plea to conspiracy to distribute more than 500 grams of cocaine, 21 U.S.C. §§ 846, 841(a)(1), appeals the denial of his motions to suppress evidence discovered during a search of the van he was driving and to compel disclosure of information about a confidential informant. Because the suppression motion was properly denied and Trejo waived the right to appeal the denial of the disclosure motion in his guilty plea, we affirm.

### I. Background

For two months prior to Trejo's arrest, a confidential informant (CI) had been providing information to the DEA about Trejo and others involved in drug trafficking. Law enforcement officers had verified the CI's information about six to eight drug traffickers, leading to the seizure of narcotics, and had used the CI's information to effect two arrests. The sequence of events leading to Trejo's arrest began when the CI notified DEA officials that she and Trejo would be flying from Ontario, California, to Milwaukee on April 27, 2001. They would then drive to Cicero, Illinois, to pick up cocaine and return to Wisconsin by way of Racine County.

That day, law enforcement officials surveilled Trejo and the CI when they disembarked in Milwaukee and drove to a hotel. They continued following Trejo as he drove to Cicero, switched his rental car for a van and picked up a passenger, and began driving back to Wisconsin on Interstate 94. One of the van's tail lights was burnt out, and a Racine County deputy who was working with the DEA pulled Trejo over and issued him a warning. The deputy then asked Trejo, in English and in imperfect Spanish, for permission to search the van. Two interpreters testified at an evidentiary hearing before Magistrate Judge Gorence that the deputy's question translated as either "Excuse me, look at in your car" or "Excuse me, I'm looking in your car." Trejo answered, "Si," and deputies then brought a drug-detecting dog to the van. The dog alerted to the presence of drugs, and cocaine was found inside the van.

After his arrest, Trejo moved for disclosure of the CI's identity and to suppress the evidence seized from his van. The magistrate judge denied the disclosure motion and recommended that the suppression motion be denied on the basis that Trejo had consented to the search. The district court, in contrast, did not decide the consent question, but denied the suppression motion on the ground that the CI's tip provided probable cause for the search. The court noted that the CI had

"provided good information in the past" and gave "factually specific information" about Trejo's itinerary in his California–Milwaukee–Cicero–Racine County trip that had been "independently corroborated" by law enforcement officers. The court thus found the CI's veracity "well established" and concluded that the deputies were entitled to search Trejo's van in reliance on the CI's tip that Trejo was carrying drugs. Trejo then entered a conditional guilty plea in which he "surrender[ed] any claims he may have raised in any pretrial motion" except for the suppression motion, which he explicitly reserved the right to challenge.

## II. Analysis

Trejo first argues that the officers lacked probable cause to search his van based on the CI's tip, but his argument is frivolous. The district court found that the CI had a history of providing accurate information and that police corroboration of her detailed predictions about Trejo's travel plans suggested that she was also right about the fact that Trejo was transporting cocaine. That is sufficient probable cause. *See, e.g., United States v. McClinton,* 135 F.3d 1178, 1184 (7th Cir. 1998) (that suspect would travel to Chicago and back within next 24 hours was not easily predicted, and confirmation of this aspect of tip by independent police work made it more likely that informant was also right about fact that suspect was carrying cocaine; tip as corroborated provided probable cause to search suspect's car); *United States v. Navarro,* 90 F.3d 1245, 1253–54 (7th Cir.1996) (CI's tip that suspect would follow particular route to and from cocaine source, once corroborated, provided probable cause to search suspect's car).

Moreover, the drug dog's alert provides a second, independent basis for the search. The suppression hearing testimony was undisputed that the dog alerted to the van prior to the search, *see, e.g., United States v. Place,* 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (a "sniff" is not a search); *United States v. Ward,* 144 F.3d 1024, 1031 (7th Cir.1998) (same), and the alert alone provided probable cause to search the van for drugs, *see United States v. Ganser,* 315 F.3d 839, 844 (7th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 1613, 155 L.Ed.2d 344 (2003); *United States v. Jones,* 275 F.3d 648, 653 (7th Cir.2001), *cert. denied,* 535 U.S. 1068, 122 S.Ct. 1941, 152 L.Ed.2d 845 (2002); *Ward,* 144 F.3d at 1031. Because the search was properly predicated on either the CI's tip or the dog's alert, we do not reach Trejo's argument that he never consented to the search.

Finally, Trejo contends that the magistrate judge erred in denying his motion for disclosure of information about the CI. But as the government notes, Trejo waived his right to appeal that ruling by entering a conditional guilty plea that did not specifically preserve this issue for review. *See United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001) (unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea; only those pretrial issues precisely identified in a conditional guilty plea are preserved for review); *United States v. Doherty,* 17 F.3d 1056, 1058 (7th Cir.1994) (guilty plea must precisely identify any pretrial issues defendant wishes to preserve for review).

The judgment of the district court is affirmed.