NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 7, 2007[*]
Decided November 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1560

| | |
|---|---|
| UNTIED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 06-30033-001 |
| ANTHONY ADAMS, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

## O R D E R

Anthony Adams pleaded guilty, without a plea agreement, to three counts of receiving, transporting, and possessing child pornography.  *See* 18 U.S.C. § 2252A(a)(2)(A), (a)(1), (a)(5)(B).  The court calculated a guidelines imprisonment range of 210 to 262 months, and sentenced Adams to 236 months' imprisonment each on Counts 1 and 2, and 120 months on Count 3, all of which to run concurrently.  Adams's sentence was just shy of the 20-year statutory maximum. 18 U.S.C. § 2252A(b)(1).  The court also gave Adams a lifetime sentence of supervised release.  Adams filed a timely notice of appeal, but his counsel now moves to withdraw because he cannot discern a nonfrivolous basis for appeal.  *See*

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  Fed. R. App. P. 34(a)(2).

*Anders v. California*, 386 U.S. 738, 744 (1967). Although we invited Adams to respond to counsel's motion, he has not done so. *See* Cir. R. 51(b). Counsel's exemplary supporting brief is more than adequate, and we limit our review to the potential issues identified by counsel. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Adams's legal troubles began when an undercover FBI agent connected to the internet, signed on to a file-sharing program, and downloaded photographs and videos of child pornography from an IP address registered to Adams. After searching Adams's house, agents seized hard-copy images and two computers containing hundreds of videos and photographs of child pornography, some depicting bondage or sadomasochistic activity and others involving adults and minors engaged in sexual activity with children no more than two years old.

Counsel first considers whether Adams might argue that the magistrate judge did not fully comply with Federal Rule of Criminal Procedure 11(b) to determine whether Adams's guilty pleas were knowing and voluntary. Counsel properly addresses this argument because Adams now wants to withdraw his guilty pleas. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Adams did not move to withdraw his pleas in the district court, and thus our review would be for plain error only. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Villarreal-Tamayo*, 467 F.3d 630, 632 (7th Cir. 2006). A guilty plea must be knowingly and voluntarily given, *United States v. Kelly,* 337 F.3d 897, 904 (7th Cir. 2003), and a district court's "substantial compliance" with Rule 11 ensures the voluntariness of a plea, *Schuh*, 289 F.3d at 975.

We agree with counsel that any argument challenging the sufficiency of the plea colloquy would be frivolous. Adams consented to a plea hearing conducted by a magistrate judge. The magistrate judge's colloquy was extensive, and the judge complied with all but two aspects of Rule 11: first, the magistrate judge failed to inform Adams that the court had the discretion to impose a sentence outside of the guidelines range, and second, the magistrate judge did not inform Adams that he had the right to compel witnesses to testify on his behalf. *See* Fed. R. Crim. P. 11(b)(1)(M), (b)(1)(E). Neither omission, however, undermined Adams's ability to understand his rights, nor could these omissions have possibly impacted Adam's decision to plead guilty. *See United States v. Parker*, 368 F.3d 963, 969 (7th Cir. 2004) (affirming defendant's conviction because even if he had misunderstood the role of the guidelines, his actions demonstrated that he would have pleaded guilty anyway).

First, it is questionable after *United States v. Booker,* 543 U.S. 220 (2005), whether Rule 11(b)(1)(M) still requires courts to inform defendants of their discretion to depart from the guidelines. *Cf. United States v. Walker*, 447 F.3d 999,

1005-1006 (7th Cir. 2006) (holding Fed. R. Crim. Pr. 32(h) no long applicable after *Booker*). But, in any event, the magistrate judge's omission in this case did not affect Adams's substantial rights because his guidelines range of 210 to 262 months was capped by the 240-month statutory maximum; so the court could not have given Adams an above-guidelines sentence. *See* U.S.S.G. § 5G1.1(c)(1). Second, the magistrate judge informed Adams of his right to call witnesses on his behalf, and the subpoena power is implicit in this right. So that omission also did not affect Adams's substantial rights. Thus, in light of the extensive plea colloquy and the obvious harmlessness of these omissions, any argument that the magistrate judge did not substantially comply with Rule 11 would be frivolous.

Next, counsel correctly maintains that it would be frivolous for Adams to argue that his indictment improperly charged him multiple times for the same conduct. Adams entered unconditional guilty pleas and therefore waived his right to appeal the denial of any pretrial motions based on his indictment. *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004); *United States v. Doherty*, 17 F.3d 1056, 1058 (7th Cir. 1994). Furthermore, any argument that his sentence violates his right against double jeopardy would be frivolous because the government could have charged each instance of downloading the images or movies in a separate count, and "[t]he Double Jeopardy clause is not implicated when multiple separate violations of the same provision are charged in multiple counts." *United States v. Snyder*, 189 F.3d 640, 647 (7th Cir. 1999).

Finally, counsel considers whether Adams could challenge his sentence as unreasonable. The district judge sentenced Adams after accepting the magistrate judge's recommendation to accept Adams's guilty pleas. Counsel advises that the district court properly calculated Adams's guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a), and addressed and rejected Adams's mitigating arguments*, United States v. Laufle*, 433 F.3d 981, 987-88 (7th Cir. 2006), before imposing a sentence within the guidelines range. And the district court found that child pornography is "a tremendous problem in our society" and that Adams's behavior "helped provide the market for those who do these things to children." *See* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B). Counsel notes that we accord sentences within the properly calculated guidelines range a rebuttable presumption of reasonableness, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and the Supreme Court recently upheld the use of that presumption, *see Rita v. United States*, 127 S. Ct. 2456, 2463 (2007). Because we agree with counsel that there are no nonfrivolous arguments to rebut that presumption, any potential challenge to the reasonableness of Adams's sentence would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.