[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15731
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00100-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAYWARD FEASTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2010)

ON PETITION FOR REHEARING

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Upon consideration of Plaintiff-Appellee's petition for rehearing and to the

extent it seeks panel rehearing, we vacate the prior opinion in this case, issued on

July 8, 2010, and substitute the following opinion in its place. In this opinion, we direct the district court to identify in the judgment of conviction 18 U.S.C. §§ 922(g) and 924(a)(2) as the statutes of conviction for Count 1, rather than 18 U.S.C. § 922(g) and 924(e), as we had instructed in the original opinion. Accordingly, Plaintiff-Appellee's petition for panel rehearing is granted.

Hayward Feaster appeals from his convictions and sentences for (1) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Feaster argues: (1) for the first time on appeal, that 18 U.S.C. §§ 922(g) and 924(c) are unconstitutional; (2) that his 262-month sentence was unreasonable; and (3) that the judgment improperly reflects the statutes on which he was convicted. After thorough review, we affirm in part, and vacate and remand in part.

We review de novo the constitutionality of a statute as it is a question of law. United States v. Cespedes, 151 F.3d 1329, 1331 (11th Cir. 1998). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we reject Feaster's claim that the district court plainly erred in convicting him of violating 18 U.S.C. §§ 922(g) and 924(c) due to the provisions' unconstitutionality.[1]  Pursuant to § 922(g)(1), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g)(1).  We have held that section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause.  See United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001) (holding that "the jurisdictional element of the statute, i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack").  Further, we have held that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce" and the government showed that the firearm in question "had traveled

---

[1] Where, as here, a party fails to raise an issue before the lower court, we review the issue for plain error.  United States v. Smith, 459 F.3d 1276, 1282-83 (11th Cir. 2006).  Plain error occurs if (1) there was error, (2) that was plain, (3) affected the defendant's substantial rights, and (4) seriously affected the "fairness, integrity, or public reputation of judicial proceedings."  Id. at 1283 (quotation omitted).  An error cannot be "plain" unless it is "clear under current law."  United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).

in interstate commerce."  United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996); United States v. Dupree, 258 F.3d 1258, 1259-60 (11th Cir. 2001).

Here, the district court did not plainly err in convicting Feaster of violating § 922(g)(1).  For starters, Feaster's argument that § 922(g)(1) is an unconstitutional extension of Congress's Commerce Clause power is foreclosed by our precedent. See Scott, 263 F.3d at 1273; McAllister, 77 F.3d at 390; Dupree, 258 F.3d at 1259-60; see also United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008), cert. denied, 129 S.Ct. 2825 (2009) (holding that our prior precedent is binding "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court").  As for Feaster's claim that § 922(g)(1)'s reach is not limited to constitutional applications because "commerce" could encompass only intrastate commerce, this argument also fails because we have held that § 922(g)(1)'s jurisdictional element, "i.e., the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack."  Scott, 263 F.3d at 1273; McAllister, 77 F.3d at 390.

Feaster's as-applied challenge to § 922(g)(1) is likewise unavailing, because Feaster waived the issue of the sufficiency of the government's proof as to the interstate-commerce element by virtue of his knowing and voluntary guilty plea. See United States v. Cunningham, 161 F.3d 1343, 1344, 1346 & n.2 (11th Cir.

4

1998) (noting that we have held that an as-applied constitutional challenge to the sufficiency of the government's evidence on the connection-with-commerce element, similar to that in 18 U.S.C. § 922(g)(8), was nonjurisdictional, and that a defendant's guilty plea, therefore, waived the issue on appeal). Feaster's as-applied challenge further fails because he admitted during the plea hearing that the firearms had been transferred across state lines into Florida, and the government need only demonstrate that the firearm in question "traveled in interstate commerce." McAllister, 77 F.3d at 390; Dupree, 258 F.3d at 1260.

Nor has Feaster shown that § 924(c) is unconstitutional. Section 924(c)(1)(A) provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A)(i).

We have "squarely rejected" the argument that a § 924(c) conviction "cannot stand because Congress lacked the power under the Commerce Clause to enact [§ 924(c)]." United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001) (holding that nothing in recent Supreme Court decisions altered our prior conclusion that § 924(c) is not an unconstitutional extension of Congress's Commerce Clause

power); United States v. DePace, 120 F.3d 233, 235 n.2 (11th Cir. 1997) (agreeing with the courts that have rejected the contention "that [ ] § 924(c) is an unconstitutional effort to regulate intrastate, non-economic activity").

As applied here, Feaster's challenge to § 924(c) as an unconstitutional extension of Congress's Commerce Clause power is foreclosed by our precedent. See Ferreira, 275 F.3d at 1028; DePace, 120 F.3d at 235 n.2. The district court therefore did not plainly err in convicting Feaster of violating § 924(c).

Feaster has also failed to show that the district court plainly erred in convicting him of violating §§ 922(g)(1) or 924(c) on the ground that the statutes unconstitutionally infringe on Feaster's Second Amendment right to bear arms. The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In District of Columbia v. Heller, the Supreme Court interpreted this language to "guarantee [an] individual right to possess and carry weapons in case of confrontation." 128 S.Ct. 2783, 2797 (2008). The Heller Court held that the District of Columbia's ban on handgun possession in the home by law-abiding citizens violated the Second Amendment. Id. at 2821. The Court reasoned that "the inherent right of self-defense has been central to the Second Amendment right" and that "[t]he handgun ban amount[ed] to a prohibition

6

of an entire class of 'arms' . . . overwhelmingly chosen by American society for that lawful purpose." Id. at 2817. The Court qualified the right to bear arms: "[l]ike most rights, [it] is not unlimited." Id. at 2816. "[N]othing in [Heller] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ." Id. at 2816-17.

After Heller, we held that § 922(g)(1) is a "constitutional avenue to restrict the Second Amendment right of" convicted felons. United States v. Rozier, 598 F.3d 768, 771 (11th Cir.), petition for cert. filed, (U.S. Apr. 30, 2010) (No. 09-10590). Since Heller expressly disclaimed any erosion of the "longstanding prohibitions on the possession of firearms by felons," we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Id. However, we have not, nor has the Supreme Court, addressed whether § 924(c) violates the Second Amendment.

Because we have held that the circumscription of a convicted felon's right to bear arms, as found in § 922(g)(1), does not violate the Second Amendment, Feaster's argument that his § 922(g)(1) conviction violated the Second Amendment is without merit. Id. Indeed, any infringement on Feaster's "inherent right of self-defense" is irrelevant because statutes, such as § 922(g)(1),

7

"disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." Id. at 770-71. In addition, the Supreme Court has not decided the constitutionality of § 924(c)'s penalty provisions, we have not determined whether § 924(c) violates the Second Amendment, and the other circuits are split on the issue. Thus, the issue is not "clear under current law," and there can be no plain error. See Humphrey, 164 F.3d at 588. Accordingly, if there was any error by the district court in convicting Feaster of violating §§ 922(g)(1) and 924(c), it could not have been plain.[2]

Feaster has also failed to show that his sentence was unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S.

---

[2] To the extent that Feaster challenges the sufficiency of the evidence to support his § 924(c) conviction, he waived this challenge by virtue of his knowing and voluntary guilty plea. See Cunningham, 161 F.3d at 1344, 1346 & n.2.

8

38, 51 (2007)).[3]  The district court need not discuss each § 3553(a) factor.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)."  Talley, 431 F.3d at 788.  There is a "range of reasonable sentences from which the district court may choose," and the burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors.  Id.

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). We "ordinarily . . . [will] expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 788. Moreover, comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. See United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

The record demonstrates that Feaster's sentence was not procedurally unreasonable. First, there is no dispute that the district court accurately calculated the guideline range, treated the Guidelines as advisory, and based the sentence on facts that were not clearly erroneous. Feaster's argument that the district court only provided a "talismanic recitation" of the § 3553(a) factors is not supported by the record, which shows that the district court considered and rejected Feaster's arguments for a downward departure or a downward variance and explicitly found that the sentence imposed was both sufficient to satisfy the purposes of § 3553(a) and necessary to address the seriousness of the offense. Further, the district court adequately explained the 262-month sentence when it stated that it had: (1)

considered Feaster's arguments, which included his financial support of his eight children, the absence of his father, and his stepfather's drug-related activities; (2) Feaster's personal statement; (3) the information contained in the PSI; and (4) the § 3553(a) factors. See Rita, 551 U.S. at 358-59 (stating that a district court's rationale is legally sufficient where the record makes clear that it has considered the evidence and the arguments). Thus, Feaster has not shown that his sentence was procedurally unreasonable. See Talley, 431 F.3d at 788.

Nor has he shown that his sentence was substantively unreasonable. As the record shows, the district court determined that the sentence was in accord with the seriousness of the offense and the need to provide Feaster with drug treatment and medical care. See 18 U.S.C. § 3553(a)(1), (2)(A) and (2)(D). Further, the court found that there were no mitigating circumstances warranting a below-guideline-range sentence and that the sentence imposed was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing." 18 U.S.C. § 3553(a). Taking the § 3553(a) factors and the discretion the district court is afforded in weighing those factors, the 262-month sentence, which was at the lowest point of the guideline imprisonment range and within the statutory-maximum sentence, was not "outside the range of reasonable sentences

11

dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted); see also Talley, 431 F.3d at 788; Valnor, 451 F.3d at 751-52.

Finally, we do agree, however, with Feaster's claim that the judgment improperly reflects the statutes on which he was convicted. While a court fundamentally errs when it enters "a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgment," we may correct the error by vacating the judgment and remanding "the case to the district court for entry of a judgment in accordance with the charge and the jury verdict." United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999); see United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct clerical errors when the statute cited in the judgment and commitment order was incorrect). Such a remedy is appropriate "only if the erroneous entry of the judgment was considered a clerical error, and the correction of the judgment would not prejudice the defendant in any reversible way." Diaz, 190 F.3d at 1252.

Because the judgment misidentifies the statutes of conviction relevant to Count 1, and Feaster does not contend that the error in the judgment is anything more than a clerical error, we vacate and remand with instruction to identify 18 U.S.C. §§ 922(g) and 924(a)(2) as the statutes of conviction for Count 1.

12

**AFFIRMED in part and VACATED and REMANDED in part.**