at 867; *United States v. Welch*, 327 F.3d 1081, 1106 (10th Cir.2003).

AFFIRMED.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**William Bingham O'DELL
Defendant—Appellant.**

No. 04–30030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 14, 2004.

Aine Ahmed, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Beth M. Bollinger, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM [*]

Mr. William B. O'Dell pled guilty to conspiracy to distribute a listed chemical, pseudoephedrine, knowing or having reasonable cause to believe that the chemical would be used to produce methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(c)(2) and 846; and knowing and willfully conspiring to launder monetary instruments with the intent to promote the illegal distribution of pseudoephedrine in violation of 18 U.S.C. § 1956(h). On appeal, Mr. O'Dell argues that § 841(c)(2) is unconstitutionally vague as applied to his conduct, and that his sentence should be vacated because the district court confused two distinct requests for additional downward departures. We affirm because Mr. O'Dell waived his as-applied vagueness challenge by pleading guilty, and because the record is clear that the district court did not confuse Mr. O'Dell's separate requests for a downward departure.

### I

■ On March 21, 2003, Mr. O'Dell pled guilty to conspiracy to distribute a listed chemical knowing or having reasonable cause to believe that the chemical would be used to produce methamphetamine in violation of 21 U.S.C. §§ 841(c)(2) and 846. Mr. O'Dell argues that the phrase "reasonable cause to believe" in § 841(c)(2) is unconstitutionally vague as applied to his conduct. The district court rejected this argument on the ground that Mr. O'Dell had forfeited his vagueness challenge by pleading guilty.

A voluntary, intelligent, and unconditional "guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997) (citation omitted). We "will not reinspect the merits behind [a] claim of vagueness in application generally because the defendant waived that issue by pleading guilty." *United States v. Sandsness,* 988 F.2d 970, 972 n. 2 (9th Cir.1993). The district court did not err in holding that Mr. O'Dell forfeited his vagueness claim by pleading guilty.

### II

■ A district court's discretionary refusal to depart downward from the U.S. Sentencing Guidelines is not reviewable on appeal. *See United States v. Morales,* 898 F.2d 99, 101 (9th Cir.1990). However, "[i]f the district court rests its decision not to depart downward on a determination that it does not have the authority to do so, we treat that decision as an interpretation of the Sentencing Guidelines and review it *de novo.*" *United States v. Eaton,* 31 F.3d 789, 793 (9th Cir.1994) (citation omitted).

At Mr. O'Dell's sentencing hearing, the district court granted the Government's request for a downward departure of twenty levels from the adjusted offense level on the basis of Mr. O'Dell's substantial assistance to the Government in prosecutions related to his case. The district court denied Mr. O'Dell's request to grant additional downward departures based on several other grounds. Mr. O'Dell argues that the district court confused his request for a downward departure based on sentencing disparity with his request for a downward departure on the ground that

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his case lay outside the heartland of § 841(c)(2) cases.

The record does not support Mr. O'Dell's argument. At the sentencing hearing, Judge Van Sickle recognized his authority to grant a downward departure on both grounds requested by Mr. O'Dell:

> Court: I don't see that this matter based upon my readings, my experience falls outside the heart land [*sic*] is sufficient to warrant a downward departure and I choose not to exercise the discretion to downward depart, and I've already addressed the needs of disparity.

(SER, 57). Mr. O'Dell cites this language in support of his argument that Judge Van Sickle confused his two requests. To the contrary, the record demonstrates that Judge Van Sickle distinguished between Mr. O'Dell disparity request and heartland request. When he indicated that he chose not to exercise discretion to depart downward, Judge Van Sickle also noted that he had "already addressed the needs of disparity." There was no confusion. Hence, we lack jurisdiction to review the district court's discretionary decision not to grant a downward departure.

AFFIRMED