United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41697
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RAFAEL ANTONIO URQUILLA-AVALOS,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-533-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

       Rafael Antonio Urquilla-Avalos unconditionally pleaded
guilty to unlawful presence in the United States after
deportation following a felony conviction for a drug trafficking
offense.  He was sentenced to 37 months of imprisonment and three
years of supervised release.  He appeals his conviction and
sentence.

       The Government correctly argues that Urquilla-Avalos'
unconditional guilty plea waived all non-jurisdictional defects

_____

       * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the trial court proceedings against Urquilla-Avalos and bars an as-applied constitutional challenge to 8 U.S.C. § 1326(b). United States v. Spruill, 292 F.3d 207, 215 (5th Cir. 2002); United States v. Johnson, 194 F.3d 657, 659 (5th Cir. 1999), vacated on other grounds and remanded, 530 U.S. 1201 (2000), prior opinion reinstated with modification, 246 F.3d 749 (5th Cir. 2001). However, Urquilla-Avalos' unconditional guilty plea did not waive his right to assert that 8 U.S.C. § 1326(b) was facially unconstitutional. See United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994) (citing Menna v. New York, 423 U.S. 61, 62 (1975) (state court conviction)).

For the first time on appeal, Urquilla-Avalos contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. As Urquilla-Avalos concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (internal quotation marks and citation omitted), petition for cert. filed (July 22, 2005) (No. 05-5469).

The conviction and sentence are AFFIRMED.