United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41662
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VICTOR RAMIREZ-NICOLAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-298
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Victor Ramirez-Nicolas (Ramirez) pleaded guilty to a single-count indictment charging that "after having been convicted of an aggravated felony, [he] knowingly and unlawfully was present in the United States" in violation of "Title 8, United States Code, Sections 1326(a) and 1326 (b)." Ramirez entered his plea pursuant to a plea agreement wherein he waived the right to appeal his sentence, but reserved the right to appeal a "sentence

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed above the statutory maximum" and the right to appeal an "upward departure" from the Sentencing Guidelines.[**]

As he did in the district court, Ramirez argues that § 1326(b) is unconstitutional on its face. The Government asserts that Ramirez does not have standing to bring a facial challenge to the constitutionality of § 1326(b) because Ramirez's prior aggravated-felony conviction was, in fact, alleged in his indictment and admitted by him at the rearraignment, and thus Ramirez suffered no violation of his Sixth Amendment rights.

"The primary component of standing is that the litigant seeking action by the court have an injury in fact resulting from the action which they seek to have the court adjudicate." United States v. Shaw, 920 F.2d 1225, 1229 (5th Cir. 1991) (internal quotations and citations omitted). The standing requirement ordinarily is satisfied when the person challenging a criminal statute's constitutionality has been prosecuted under the statute. Cf. Johnson v. City of Dallas, 61 F.3d 442, 444 (5th Cir. 1999) (plaintiffs not convicted under ordinance lacked standing to challenge the ordinance).

Ramirez was prosecuted and sentenced under § 1326(b). Accordingly, we reject the Government's assertion that Ramirez lacks standing to raise a facial challenge to § 1326(b). Because

---

[**] Ramirez also waived the right "to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt." The Government neither cites nor relies on this portion of the waiver in this appeal.

Ramirez concedes that he is not asserting an as-applied challenge to § 1326(b), we do not address the Government's assertion that any such challenge is barred by Ramirez's unconditional guilty plea and by the appeal-waiver provision of Ramirez's plea agreement.

Ramirez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramirez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Ramirez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.