In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-2447

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TELLY KINGCADE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 CR 142—**Barbara B. Crabb**, *Chief Judge.*

ARGUED JANUARY 22, 2009—DECIDED APRIL 6, 2009

Before MANION and KANNE, *Circuit Judges*, and
KENDALL, *District Judge.*[*]

KANNE, *Circuit Judge.* On December 5, 2007, a grand
jury returned a two-count indictment against Telly
Kingcade. Kingcade, whose appointed counsel filed
several motions on his behalf, also filed two *pro se* suppres-

[*] Honorable Virginia M. Kendall, United States District Judge
for the Northern District of Illinois, is sitting by designation.

sion motions. The district court refused to consider the *pro se* motions and adopted in full the magistrate's report and recommendation to deny the counseled motions; this report had also noted that Kingcade's *pro se* motions were not properly before the court. Kingcade pled guilty, but he preserved the right to appeal adverse determinations on motions to suppress evidence seized during the execution of search warrants. Kingcade now argues that the district court erred in failing to consider *de novo* his *pro se* motion to suppress. We hold that Kingcade did not preserve the right to appeal an adverse determination regarding his *pro se* motions, and we therefore lack jurisdiction to review his claim.

## I. BACKGROUND

During the week of October 1, 2007, law enforcement received confidential information that Telly Kingcade was selling cocaine from his apartment in Fitchburg, Wisconsin. On October 3, police received a warrant to search Kingcade's apartment. When officers arrived to execute the warrant, Detective Dorothy Rietzler was alerted to the possibility that a safe belonging to Kingcade was in a nearby apartment in which Theodore Robinson resided. Rietzler approached Robinson, who gave police permission to search the apartment. Officers found a safe in the second bedroom of Robinson's apartment. A drug detection dog alerted to the presence of drugs in the safe. Law enforcement seized the safe and received a warrant to search it the following day. The safe contained cocaine base, cash, and drug paraphernalia.

On December 5, 2007, a grand jury returned a two-count superseding indictment against Kingcade. Count two charged Kingcade with possession with the intent to distribute fifty grams or more of cocaine base.[1] Attorney David Mandell was appointed as defense counsel. On December 17, Mandell filed numerous motions on Kingcade's behalf, including motions to suppress evidence obtained pursuant to the search warrants for the safe and Kingcade's apartment. Mandell later withdrew as Kingcade's counsel, and Attorney Robert Ruth was appointed. On February 22, 2008, Ruth filed additional motions on Kingcade's behalf, including a motion to suppress evidence obtained as a result of the warrantless seizure of the safe.

On March 10, 2008, Kingcade filed two *pro se* motions. The first, entitled "Motion to Suppress Consent to Search," argued that Robinson had not knowingly and intelligently consented to the search of his apartment. The second, entitled "Motion to Suppress the Seizures [sic] of the Safe," argued that the warrantless search of Robinson's apartment and seizure of the safe during that search violated the Fourth Amendment of the United States Constitution because the police could have obtained a warrant prior to searching the premises. On March 17, Kingcade requested a new attorney.

On March 21, the magistrate judge conducted an *ex parte* hearing to discuss Kingcade's dissatisfaction with

---

[1]  Count one, which charged Kingcade with a firearms offense, is not relevant for purposes of this appeal.

Ruth's representation. The judge informed Kingcade that even if he were to represent himself, the court would not allow him to pursue his *pro se* motions because they were untimely. He told Kingcade that if he felt his attorneys had failed to raise viable Fourth Amendment issues, he could later raise an ineffective assistance of counsel claim. He then made clear to Kingcade that he was not considering the *pro se* motions because Kingcade was represented and they were therefore not properly before the court. The magistrate judge went on to say that even if he were to make a recommendation, he would recommend that the court deny them.

On March 21, 2008, the magistrate judge entered a report and recommendation in which he recommended that the court deny the motions to suppress filed by Kingcade's attorneys. This report noted that Kingcade had been "rebuffed by the court" in his requests to file *pro se* motions because he was represented by counsel. In a footnote, the magistrate judge stressed that the issues presented in the *pro se* motions were not properly before the court, and that he had informed Kingcade that, in his opinion, his attorneys' failure to raise those issues was not ineffective assistance of counsel.

On March 25, Kingcade pled guilty to Count 2 of the indictment. Paragraph twelve of the plea agreement read:

> The defendant has filed motions to suppress evidence seized during the execution of search warrants in October 2007. Pursuant to Rule 11(a)(2), Federal Rules of Criminal Procedure, the government consents to the defendant entering a

conditional plea of guilty, reserving by this plea agreement letter his right to have an Appellate Court review an adverse determination of his motions to suppress. If the defendant prevails at the district court, or on appeal, he may then withdraw his guilty plea.

On April 8, the district court adopted in full the magistrate's report and recommendation regarding the motions to suppress. On June 3, Kingcade was sentenced to 135 months' imprisonment.

## II. ANALYSIS

Kingcade argues that because the magistrate judge discussed his *pro se* suppression motions at the hearing on March 21, the district court judge erred in failing to address the motions *de novo*. Before we may reach Kingcade's argument, however, we must determine whether he has preserved the right to appeal the issues raised in his *pro se* motions. For the reasons that follow, we conclude that he has not.

With the consent of the government and approval of the court, a defendant may enter a conditional plea of guilty, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2); *see also United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998). This is a narrow exception to the ordinary rule that a defendant who pleads guilty cannot appeal his conviction. *United States v. Dimitrov*, 546 F.3d 409, 416 (7th Cir. 2008). To

preserve an issue for appeal, a conditional plea must "precisely identify which pretrial issues the defendant wishes to preserve for review." *United States v. Markling*, 7 F.3d 1309, 1313 (7th Cir. 1993). All non-jurisdictional issues not specifically preserved in the conditional plea agreement are waived. *See, e.g.*, *Dimitrov*, 546 F.3d at 416 (holding that although the defendant had preserved his objection to the constitutionality of a "mental state" requirement, he had not preserved another constitutional objection); *United States v. Doherty*, 17 F.3d 1056, 1058-59 (7th Cir. 1994) (noting that although the plea agreement reserved the right to challenge the indictment's failure to state a violation of a statute, the defendant "did not reserve the right to challenge 'the sufficiency of the indictment' in other respects"); *see also Cain*, 155 F.3d at 842 ("[A] guilty plea constitutes a waiver of non-jurisdictional defects occurring prior to the plea.").

We have held that Rule 11's requirement that a conditional plea be in writing is not jurisdictional and that a conditional plea may be found in the limited circumstance where the parties to the agreement clearly intended that the defendant's right to appeal an issue would be preserved. *See United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001); *Markling*, 7 F.3d at 1313. The cases examining the intent to preserve the right to appeal typically lack a written plea agreement, however, which is a significant difference from the case now before us. Written plea agreements are contracts, and we interpret them according to general principles of contract law. *United States v. Hernandez*, 544 F.3d 743, 750 (7th Cir. 2008).

Thus, unlike those cases involving verbal agreements, we look to extrinsic evidence of the parties' intentions—possibly found, for example, in a plea colloquy—only when the written contract is ambiguous. *Cf. United States v. Given*, 164 F.3d 389, 396 (7th Cir. 1999) (holding that the district court properly declined to consider extrinsic evidence where the plea agreement was unambiguous). In this context, we have the power to review issues clearly preserved in the written agreement, or, if that agreement is ambiguous, issues the parties clearly intended to preserve for appeal.

We find no ambiguity in the language of Kingcade's agreement. The agreement explicitly gave Kingcade the right to appeal adverse determinations regarding his motions to suppress evidence seized *during the execution of search warrants*. Kingcade's *pro se* motions, on the other hand, challenged the *consensual search* of Robinson's apartment and *warrantless* seizure of the safe.

Kingcade's *pro se* motions challenged neither the warrant to search the safe nor the one issued for Kingcade's apartment. The October 3, 2007, warrant covered only Kingcade's apartment. Police searched Robinson's apartment pursuant to his consent, and they seized the safe without a warrant. The next day, police obtained a search warrant for the safe. In other words, both the search of Robinson's apartment and the seizure of the safe, the actions that Kingcade challenged in his *pro se* motions, were done without a warrant. In fact, Kingcade explicitly challenged the absence of a warrant to search Robinson's apartment or seize the safe, arguing that

Robinson's consent was not valid and that there was no excuse for the police's failure to obtain a warrant prior to the search. The plain language of the plea agreement does not cover these issues, because they do not concern the "execution of search warrants."

Furthermore, even if the language of the plea agreement were ambiguous, nothing in the plea colloquy or anywhere else in the record indicates that the government and Kingcade clearly intended for the language in the plea agreement to cover the *pro se* motions. The only mention of the agreement was when the Assistant United States Attorney read Paragraph Twelve to the court and stated that if Kingcade were to prevail on the pending motions, he could withdraw his plea. Kingcade clearly intended to preserve his right to appeal *some* motions to suppress, and we would be faced with a different situation if the plea agreement would leave Kingcade with no issues to appeal. But that is not the case. The motions filed by Attorney Mandell, both entitled "Motion to Suppress Search Warrant," challenged the validity of the search warrants and therefore fell within the language of the plea agreement. Thus, because we find no evidence that the language of the plea agreement was intended to cover Kingcade's *pro se* motions, we lack jurisdiction to review the merits of his claim.

### III. CONCLUSION

Because Kingcade did not condition his plea agreement on his right to appeal an adverse determination on the

issues presented in his *pro se* motions, we lack jurisdiction to review his claim. This appeal is DISMISSED.