UNITED STATES of America, Plaintiff—Appellee,

v.

John KAPENEKAS, Defendant— Appellant.

No. 10–60320

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 23, 2011.

Paul David Roberts, Assistant U.S. Attorney, U.S. Attorney's Office, Oxford, MS, for Plaintiff–Appellee.

James L. Robertson, Esq., Linda Faye Cooper, Wise Carter Child & Caraway, P.A., Jackson, MS, Steven E. Farese, Sr., Esq., Farese, Farese & Farese, P.A., Ashland, MS, Jim D. Waide, III, Esq., Waide & Associates, P.A., Tupelo, MS, for Defendant–Appellant.

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM: *

Pursuant to a written plea agreement, John Kapenekas, federal prisoner # 12771–042, pleaded guilty to three counts of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). He reserved the right to challenge only the denial of a pretrial motion to suppress evidence. Kapenekas was sentenced to 15 years of imprisonment on each count of

---

conviction, to be served concurrently, and five years of supervised release. He did not file a direct appeal. Kapenekas now appeals the district court's denial of his 28 U.S.C. § 2255 motion. The district court granted a certificate of appealability (COA) on the issue whether § 2251(a), as applied to him, is an unconstitutional extension of the Commerce Clause.

"A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir.1991). In general, a valid guilty plea forecloses a collateral attack on a final judgment of conviction except upon grounds that the plea was not intelligent or voluntary. *See Taylor v. Whitley,* 933 F.2d 325, 327 (5th Cir.1991). The basis upon which Kapenekas now seeks to challenge his conviction—an as-applied constitutional challenge to § 2251(a)—is a nonjurisdictional defect in the trial court proceedings that is waived by a valid guilty plea. *See United States v. Sealed Appellant,* 526 F.3d 241, 242–43 (5th Cir.2008) (direct appeal). Thus, Kapenekas's constitutional argument is waived. *See Taylor,* 933 F.2d at 327.

Kapenekas also asserts that the indictment and the plea agreement to which he agreed omitted an essential element of the offense, i.e., that he actually produced visual depictions. However, he did not raise this issue in the district court, and there is no indication that the district court's grant of a COA included the instant issue. While Kapenekas has briefed the issue, he has not expressly requested that the district court's grant of a COA be broadened to include this issue. Therefore, we may not consider it. *See United States v. Kimler,* 150 F.3d 429, 431 & n. 1 (5th Cir.1998)

(per curiam); *Lackey v. Johnson,* 116 F.3d 149, 151 (5th Cir.1997).

Accordingly, the district court's denial of Kapenekas's § 2255 motion is AFFIRMED. Kapenekas's motion to strike a portion of the appellee's brief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.