In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2438

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL PHILLIPS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 1:09-cr-00201-WCG-1—**William C. Griesbach,** *Judge.*

ARGUED FEBRUARY 11, 2011—DECIDED JUNE 17, 2011

Before BAUER, POSNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.*  Michael Phillips pleaded guilty to removing and disposing of asbestos in violation of 42 U.S.C. § 7413(c)(1) but reserved his right to appeal the meaning of "knowingly," as it is used in § 7413(c)(1). The district court judge sentenced Phillips to eighteen months of imprisonment, three years of supervised release, $12,765 in restitution, and a $100 special assessment fee. For the following reasons, we affirm.

## I. BACKGROUND

Michael Phillips owned and managed an apartment building in New London, Wisconsin. In 2007, Phillips hired Jeff DeCareau to remove asbestos insulation and renovate the building's heating system. DeCareau had no experience, training, or expertise in asbestos removal, but Phillips hired him because his rates were "really cheap." Phillips also hired two tenants, Sandy Kurth and Molly Dumas, who agreed to assist DeCareau in exchange for a reduction in rent.

DeCareau, Kurth, and Dumas removed the asbestos insulation with a Sawzall, an electronic hand-held saw with a large oscillating blade. Although the use of the Sawzall created a great deal of asbestos dust and debris, the workers did not wear face masks or protective clothing. They also did not wet the insulation before cutting it, confine the dust and debris to a limited area, or store the asbestos insulation in sealed containers. In fact, they kept the asbestos insulation in a vacant apartment and the piping (which was also covered in asbestos) in a common hallway and a shared garage. A professional trained in asbestos removal would have done none of the above. When the Department of Natural Resources and the Environmental Protective Agency were alerted to this project, they inspected the building and determined that the air was heavily laden with asbestos fibers. Both agencies agreed that no person could safely live in the building, and all tenants were ordered to move out.

Phillips was involved throughout the entire renovation project. He visited the building almost daily, helped

remove piping and asbestos insulation, and knew that the Sawzall created a large quantity of asbestos dust and debris. While he denies knowing that asbestos is harmful, much of the evidence is to the contrary.

## II.  DISCUSSION

Phillips entered into a conditional plea agreement whereby he pleaded guilty to illegally removing and disposing of asbestos insulation but reserved his right to appeal the knowledge requirement of § 7413(c)(1). For the first time on appeal, Phillips also challenges § 7413(c)(1) as unconstitutionally vague in application.

### A.  Phillips' Motion to Dismiss the Indictment

Phillips contends that the term "knowingly," as it is used in § 7413(c)(1), requires the government to prove not only that Phillips was aware of the underlying facts of the crime, but also that he knew his actions were unlawful. Because the indictment alleged the former but not the latter, Phillips moved to dismiss the indictment as insufficient. The district court denied this motion, and we review the court's ruling de novo. *See United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010).

Although Phillips' argument has been soundly rejected by other courts,[1] we need not address the meaning

---

[1] *See e.g., United States v. Alghazouli*, 517 F.3d 1179, 1192 (9th Cir. 2008); *United States v. Rubenstein*, 403 F.3d 93, 97-98 (2d Cir.
(continued...)

of "knowingly" in order to resolve this appeal. The question before us is narrow: whether the district court properly denied Phillips' motion to dismiss the indictment.

In order for an indictment to be sufficient, it must identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems. *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991). We have consistently held that nothing more is required. *See e.g.*, *United States v. Donelson*, 326 Fed. Appx. 938, 940 (7th Cir. 2009). Phillips nevertheless argues that the indictment must also define "knowingly," and by that logic, every other element of the crime. We disagree. Phillips has cited no case law in support of this argument nor articulated any reason why the elements of a crime are more properly defined in the indictment, as opposed to the jury instructions. Our research reveals none. We therefore hold that even if Phillips' interpretation of "knowingly" were correct, the district court properly dismissed Phillips' motion to dismiss the indictment.

---

(...continued)

2005); *United States v. Ho*, 311 F.3d 589, 605-06 (5th Cir. 2002); *United States v. Weintraub*, 273 F.3d 139, 147 (2d Cir. 2001); *United States v. Buckley*, 934 F.2d 84, 88 (6th Cir. 1991). *Cf. Bryan v. United States*, 524 U.S. 184, 194 (1998) (stating the traditional rule that "ignorance of the law is no excuse"); *United States v. Useni*, 516 F.3d 634, 654 (7th Cir. 2008) (articulating the typical definition of "knowingly").

## B. Phillips' As-Applied Vagueness Challenge

Phillips contends that § 7413(c)(1) is unconstitutionally vague as-applied to the facts of his case. Phillips pleaded guilty, however, without ever challenging the validity of the statute in the lower court or reserving his right to do so on appeal. Whether Phillips waived his vagueness challenge is an issue of first impression. Consistent with every court that has addressed this issue,[2] we now hold that a defendant who pleads guilty

---

[2] *See United States v. Ochoa-Colchado*, 521 F.3d 1292, 1299 (10th Cir. 2008); *United States v. O'Dell*, 118 Fed. Appx. 256, 257 (9th Cir. 2004); *United States v. Lasagna*, 328 F.3d 61, 63-64 (2d Cir. 2003); *United States v. Martinez-Martinez*, 69 F.3d 1215, 1224 & nn. 9-10 (1st Cir. 1995); *United States v. Burke*, 694 F.2d 632, 634 (9th Cir. 1982); *United States v. Sandsness*, 988 F.2d 970, 971-72 & n.2 (9th Cir. 1993). *See generally United States v. Kapenekas*, 2011 WL 666915, *1 (5th Cir. 2011); *United States v. Jacobson*, 2011 WL 69115 (8th Cir. 2011); *United States v. Seay*, 620 F.3d 919, 922 & n.3 (8th Cir. 2010); *United States v. Feaster*, 394 Fed. Appx. 561, 564 (11th Cir. 2010); *United States v. Ramirez-Nicholas*, 179 Fed. Appx. 917, 918 (5th Cir. 2006); *United States v. Urquilla-Avalos*, 144 Fed. Appx. 447 (5th Cir. 2005); *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000); *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000). *Cf. United States v. Donovan*, 2011 WL 549676, *2 (7th Cir. 2011); *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *United States v. Lacey*, 569 F.3d 319, 323 (7th Cir. 2009); *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998); *Gilbert v. United States*, 1997 WL 312278, *1-2 (7th Cir. 1997); *United States v. Bell*, 70 F.3d 495, 497 (7th Cir. 1995); *United States v. Nash*, 29 F.3d 1195, 1201 (7th Cir. 1994); *United States v. Markling*, 7 F.3d 1309, 1312-13 (7th Cir. 1993); *United States v. Seybold*, 979 F.2d 582, 585 (7th Cir. 1992).

without raising an as-applied vagueness challenge in the trial court is barred from raising that issue on appeal.

As a general rule, a defendant who pleads guilty waives his right to appeal all non-jurisdictional issues. *See e.g., United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998). Rule 11 of the Federal Rules of Criminal Procedure creates a narrow exception: upon the approval of the court and the consent of the government, a defendant may enter a conditional plea, "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11. This exception is narrow because all non-jurisdictional issues not specifically reserved in the conditional plea agreement remain waived. *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009). Accordingly, Phillips may raise an as-applied vagueness challenge for the first time on appeal only if it is jurisdictional.

The term "jurisdictional" refers to a court's statutory or constitutional authority to hale the defendant into court; it does not refer to subject matter jurisdiction. *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)*; Bell*, 70 F.3d at 497. A jurisdictional issue is one that stands in the way of conviction—even when factual guilt is validly established—and prevents a court from entering any judgment in the case, including an acquittal. *See Blackledge*, 417 U.S. at 30; *Donovan*, 2011 WL 549676, at *2; *Lacey*, 569 F.3d at 323; *Alikhani*, 200 F.3d at 734-35; *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999). Whether the issue concerns a statutory or constitutional violation is immaterial because even constitutional viola-

tions "not logically inconsistent with the valid establish-ment of factual guilt" are non-jurisdictional and thus waived unless explicitly reserved for appeal in a condi-tional plea agreement. *Bell*, 70 F.3d at 496 (quoting *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)).

While a facial attack on a statute's constitutionality is jurisdictional, an as-applied vagueness challenge is not. A facially vague statute presents a jurisdictional issue because it is by definition vague in every applica-tion, preventing a court from entering a judgment under the statute in any case and stripping the govern-ment of its ability to obtain a conviction against any defendant. *See Blackledge*, 417 U.S. at 30; *Donovan*, 2011 WL 549676, at *2. Unlike a facial challenge, an as-applied challenge does not dispute the court's power to hear cases under the statute; rather, it questions the court's limited ability to enter a conviction in the case before it. Indeed, a statute that is vague only as-applied to the defendant may still be constitutional as-applied to others, and it thus does not strip the court of its power to enter a judgment under the statute or deprive the government of authority to seek a conviction under the statute. *See Blackledge*, 417 U.S. at 30; *Johnston*, 199 F.3d at 1020 n.3. Stated otherwise, an as-applied chal-lenge is a non-jurisdictional issue because, even if the challenge is successful, it will not leave the court without any power to hale a defendant into court under the statute. *See Menna*, 423 U.S. at 62; *Blackledge*, 417 U.S. at 30; *Donovan*, 2011 WL 549676, at *2.

Furthermore, when we are presented with an as-applied challenge, we examine only the facts of the case

before us and not any set of hypothetical facts under which the statute might be unconstitutional. *See Sandsness,* 988 F.2d at 972 n.2; *United States v. Stephenson*, 557 F.3d 449, 456 (7th Cir. 2009). The plea agreement, which contains the facts of the case, is thus of critical importance. *See Sandsness,* 988 F.2d at 972 n.2.

A guilty plea is more than a mere confession; a defendant who pleads guilty admits not only that he committed the acts described in the indictment but also that he is guilty of the substantive offense. *See United States v. Broche*, 488 U.S. 563, 570 (1989). Having already admitted guilt of the substantive crime and affirmed as true the underlying facts of the conviction, the defendant can no longer re-argue the facts on appeal and challenge the statute as vague in application. Therefore, while a facial vagueness challenge is jurisdictional, an as-applied vagueness challenge is non-jurisdictional and waived unless specifically reserved for appeal in a conditional plea agreement. Phillips is thus barred from asserting an as-applied vagueness challenge for the first time on appeal. We AFFIRM the judgment of the district court.