NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012
Decided December 18, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-3487 | |
| | Appeal from the United States District Court for the Western District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| | No. 09-CR-10-BBC-01 |
| *v.* | |
| | Barbara B. Crabb, |
| ANTONIO BARRERA-PENALOZA, *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Antonio Barrera Penaloza, a Mexican citizen, was arrested in 2007 after police executed a search warrant at his Wisconsin home and discovered a small amount of cocaine and almost $20,000 in currency. He immediately confessed to selling drugs and led police to a hidden compartment containing a half kilogram of cocaine. No charges were immediately issued, however, and he was released from custody. Two years later Penaloza was indicted for possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). He was a fugitive from 2009 until March 2011 when he was caught entering the United States illegally in the Southern District of Texas.

Penaloza was returned to Wisconsin and pleaded guilty to the cocaine-possession charge in the indictment. The district court calculated a guidelines imprisonment range of

51 to 63 months based on the amount of cocaine found in his home during the search and additional amounts Penaloza admitted to selling, and a downward adjustment for acceptance of responsibility. The court imposed a sentence of 51 months. Penaloza appealed, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Penaloza opposes the motion. *See* CIR. R. 51(b).

In his *Anders* submission, counsel considers whether Penaloza could claim that the factual basis proffered by the prosecutor in support of his guilty plea was inadequate. *See* FED. R. CRIM. P. 11(b)(3). Counsel advises us, however, that his client has told him he does not want his guilty plea set aside. Penaloza raises questions about the date of his arrest and the quality of the government's evidence relating to the element of intent to distribute, but he does not dispute counsel's representation that he does not want to challenge his plea. Accordingly, counsel need not have discussed the adequacy of the factual basis for the plea or any other aspect of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Moreover, Penaloza admitted his intent to distribute by pleading guilty, *see United States v. Broce*, 488 U.S. 563, 570 (1989); *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011); *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008), and he personally agreed on the record with the government's proffer that he had confessed to selling cocaine and that he had several hundred grams of cocaine and a digital scale in his possession when the search warrant was executed. To argue that more was necessary to sustain the guilty plea would be frivolous. *See United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012).

Counsel also evaluates whether Penaloza might argue that his 51-month prison sentence is unreasonable but appropriately rejects this potential argument as frivolous. The prison term is at the bottom of a properly calculated guidelines range and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). Neither counsel nor Penaloza identifies any sound reason to disturb that presumption. The defendant argues that he should have received a lower sentence because he was cooperative when the police raided his house, but that contention was not made to the district court and thus cannot be the basis for a reasonableness challenge on appeal. *See United States v. Durham*, 645 F.3d 883, 898 (7th Cir. 2011). The district court adequately assessed the factors in 18 U.S.C. § 3553(a), including that Penaloza has a wife and four children in Texas and that this is his second drug offense. The court reasonably concluded that a within-range term is necessary to provide adequate deterrence, reflect the seriousness of the offense, and promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (2).

Finally, Penaloza complains about the performance of his trial counsel, but a claim of ineffective assistance of counsel is best presented on collateral review where the necessary record may be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.