MANION, Circuit Judge,
concurring.
I concur with the result of the case and the court’s reasoning in II.A and II.C. However, I differ somewhat from the court’s analysis of United States v. Robinson, 20 F.3d 270 (7th Cir.1994), and United States v. Combs, 657 F.3d 565 (7th Cir. 2011) (per curiam), in Part II.B. As I see it, Combs and Robinson are compatible and share a common rule.
In Combs, the defendant pleaded guilty, but later objected to the submission of evidence with a motion to suppress. 657 F.3d at 566. Typically, issues about a motion to suppress would be deemed “waived” by an unconditional guilty plea, but the government did not make this argument on appeal. See id. at 568-69. Nonetheless, we ruled that the guilty plea “removes the issue of guilt from this case, rendering moot any pre-plea challenges that do not implicate the validity of the admission itself.” Id. at 571 (quoting United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir.2007) (en banc) (Callahan, J., dissenting)). Because the defendant’s pre-plea claims were moot, the claims no longer included a case or controversy, and we therefore lacked Article III jurisdiction over those claims. Id.
Therefore, Combs stated our rule on the extent of the waiver that results from an unconditional guilty plea: If a defendant enters an unconditional guilty plea, the defendant waives — and we therefore lack jurisdiction over — claims that: (1) occurred pre-plea; (2) do not challenge the validity of the plea; and (3) do not challenge the jurisdiction of the courts (which parties are not allowed to waive regardless of a plea). See id.; see also Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); United States v. Phillips, 645 F.3d 859, 862-63 (7th Cir.2011).
*1024 Although Robinson did not explicitly apply the rule discussed in Combs, the issues reviewed on appeal in Robinson are nonetheless consistent with Combs. The defendant in Robinson entered an unconditional guilty plea, but made a variety of arguments on appeal. 20 F.3d at 273-79. These arguments can be categorized as (1) challenges to the defendant’s sentence (Parts II, V, VI, VII, VIII, and IX); (2) challenges to the validity of the guilty plea (Parts III and IV); and (3) a challenge to the jurisdiction of the federal court (Part X). Id. The first category of challenges addressed the defendant’s sentencing— which occurred after the plea had been entered. Id. The second category of challenges attacked the validity of the guilty plea — whether undesired counsel forced the plea on the defendant and whether the government breached its plea agreement. Id. at 275-76. Finally, the third category challenged the jurisdiction of the federal court to hear a case by a bank that allegedly lacked federal insurance. Id. at 279. Under the rule stated in Combs, we had jurisdiction over these claims.
Although the defendant’s guilty plea in Robinson had not waived the issues on appeal, the defendant had not raised many of these issues before the district court. Id. at 273. We determined that we could review these issues for plain error under Fed.R.Crim.P. 52(b). Id.
In this case, Adebisi T. Adigun’s challenges clearly fall under Combs, and not Robinson. Adigun’s claim challenged the evidence supporting his guilt. This issue occurred pre-plea, and does not attack the validity of the plea or the jurisdiction of the federal court. We therefore lack jurisdiction over this claim because Adigun’s unconditional guilty plea waived it.