NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1270

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:15CR00104-001 |
| KYLE LANGNER, *Defendant-Appellant*. | James D. Peterson, *Judge*. |

**O R D E R**

Kyle Langner was the getaway driver for his half-brother and friend, who robbed banks by pointing guns at tellers and demanding money. On at least one occasion Langner's gun was used, and he admitted that he expected it to be shown during the robbery. Langner pleaded guilty to two counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), and one count of brandishing a firearm during a crime of violence, *id*. § 924(c)(1)(A)(ii). He was sentenced to a total of 114 months' imprisonment—30 months on each bank-robbery count, to run concurrently, plus a statutorily required consecutive 84 months on the brandishing count. Langner filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Langner has not responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b).

Counsel's brief explains the nature of this case and addresses the potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief is adequate, we limit our discussion to the issues identified in that brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by addressing whether Langner could challenge his conviction, but he neglects to say if he complied with this court's requirement that he ask Langner whether he wants his guilty plea set aside. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel does not clarify the matter when he states obliquely in a footnote that "Langner is not arguing his guilty plea was not [entered] knowingly, voluntarily, and intellectually, with sufficient awareness of the relevant facts and circumstances." Yet counsel's omission does not require that we deny the *Anders* motion. The transcript of the plea colloquy confirms that the district judge accepted Langner's plea only after substantially complying with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The judge advised Langner of his constitutional rights, the charges against him, the maximum penalties, and the statutory minimum seven-year consecutive sentence for brandishing a firearm. *See* FED. R. CRIM. P. 11(b)(1). The judge also found that Langner's plea was voluntary, knowing, and supported by an adequate factual basis, including Langner's admission that his gun had been shown—and he expected it to be shown—during one of the robberies. *See* FED. R. CRIM. P. 11(b)(2), (3).

The lone argument counsel does consider is whether there was insufficient evidence to support Langner's plea of guilty to brandishing a firearm. Counsel posits that Langner was only the driver and did not know that the firearm would be brandished. By pleading guilty, however, Langner waived his right to contest the sufficiency of the evidence; as a general rule, a defendant who pleads guilty waives his right to appeal any nonjurisdictional issues. *See United States v. Adame-Hernandez*, 763 F.3d 818, 828 (7th Cir. 2014); *United States v. Phillips*, 645 F.3d 859, 862 (7th Cir. 2011); *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). So long as his guilty plea is adequate—and it is—this argument would fail.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.