In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 17-2880

RALPH OLIVER,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:16-cv-00233-JVB — **Joseph S. Van Bokkelen**, *Judge.*

———————————

No. 17-2902

RYAN ROSS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:16-cv-00255-JVB — **Joseph S. Van Bokkelen**, *Judge.*

———————————

_____

ARGUED DECEMBER 18, 2019 — DECIDED MARCH 4, 2020
_____

Before HAMILTON, BRENNAN, and SCUDDER, *Circuit Judges*.

HAMILTON, *Circuit Judge*. In 2011, petitioners Ralph Oliver and Ryan Ross pleaded guilty to violating 18 U.S.C. § 924(c) for brandishing a firearm during a "crime of violence"—theft from a federally licensed firearms dealer, 18 U.S.C. § 922(u). In 2016, both filed motions under 28 U.S.C. § 2255 to vacate their § 924(c) convictions. They argued that, after *United States v. Davis*, 139 S. Ct. 2319 (2019), a violation of § 922(u) no longer counts as a crime of violence. The district court denied relief. We affirm. Express collateral-attack waivers in Oliver and Ross's plea agreements are valid and bar their challenges to their convictions and sentences.

I.  *Factual and Procedural Background*

Oliver, Ross, and two other men committed four armed robberies in 2010. They first robbed three cell-phone stores in Chicago, Illinois. They then robbed a Gary, Indiana, pawnshop, which was also a federally licensed firearms dealer. A gun was used in each of the four robberies. At the Indiana pawnshop, employees resisted the robbery. They shot and injured one of the robbers and managed to handcuff Ross. The other three robbers fled, leaving Ross behind. After being arrested at the scene, Ross promptly started cooperating. Oliver and Ross were each charged with theft of firearms from a federally licensed dealer in violation of 18 U.S.C. § 922(u); use of a firearm during a crime of violence

(specifically, the § 922(u) offense) in violation of § 924(c); and possessing a firearm as a felon in violation of § 922(g)(1).

Ross pleaded guilty to the § 922(u) and § 924(c) charges. In exchange for the government's agreement to dismiss the felon-in-possession count and to make favorable recommendations at sentencing, he waived his right to appeal his conviction or sentence. He also waived the right to bring a collateral attack on his conviction or sentence, including motions under 28 U.S.C. § 2255. The waiver clause said:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal … or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255 … .

During the plea colloquy, the district court emphasized that the waiver would leave Ross no right to challenge his conviction or sentence as being "in violation of the Constitution" or on the basis that "the Court was without jurisdiction to impose such sentence" or that "the sentence was in excess of the maximum authorized by law." The court accepted Ross's plea and sentenced him to a total of 180 months in prison: 96 months for the § 922(u) offense, followed by the minimum consecutive 84 months required for the § 924(c) offense.

The government then secured a superseding indictment against Oliver. In addition to the original counts, the government charged Oliver with a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and a Hobbs Act conspiracy. Oliver pleaded guilty to the Hobbs Act conspiracy and the § 924(c) charge. He also expressly waived his appellate and collateral-attack rights in exchange for the government's agreement to dismiss the three remaining counts and to make favorable sentencing recommendations. Oliver's plea agreement contained the same waiver clause as Ross's, and the court admonished him similarly. Oliver was sentenced to a total of 190 months in prison: 106 months for the Hobbs Act conspiracy, followed by the minimum consecutive 84 months required for the § 924(c) conviction.

Despite the waivers, after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Oliver and Ross moved to vacate their § 924(c) convictions under 28 U.S.C. § 2255. *Johnson* held that the so-called "residual clause" in the definition of a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. Oliver and Ross argued that the similar residual clause in § 924(c)'s definition of a "crime of violence" was also unconstitutionally vague and that a violation of § 922(u) could not qualify as a crime of violence under the so-called "elements clause" of that definition.

Section 922(u) makes it a crime "to steal or unlawfully take or carry away from the person or premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce." While an

armed robbery of a licensed firearm dealer would violate § 922(u), so would a theft in which there was no actual, attempted, or threatened use of violence.

The district court denied the § 2255 motions. The court did not decide whether Oliver and Ross's collateral-attack waivers barred their claims. Instead it determined that they would lose anyway under *Bousley v. United States*, 523 U.S. 614 (1998), because they could not show their actual innocence of a § 924(c) count. The court reasoned that if the government had foreseen recent developments in the Supreme Court's vagueness doctrine, "it is fair to presume the government would not have forgone § 924(c) charges predicated on Hobbs Act robberies." The court granted a certificate of appealability.

Oliver and Ross appealed. In the meantime, the Supreme Court applied its reasoning from *Johnson* to hold unconstitutionally vague the residual clause in § 924(c)'s definition of a crime of violence. *United States v. Davis*, 139 S. Ct. 2319 (2019). After *Davis*, a § 924(c) conviction based on a crime of violence is valid only under the statute's "elements clause," which treats as crimes of violence only crimes that have as an element the actual, attempted, or threatened use of force.

II. *Analysis*

These appeals are governed, in the end, by Oliver and Ross's collateral-attack waivers. We have recognized only a "few narrow and rare" grounds for not enforcing a voluntary and effectively-counseled waiver of direct appeal or collateral review. *United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). For instance: if a district court relied on a "constitutionally impermissible factor" like race or gender;

if the sentence exceeded the statutory maximum; or if the proceedings lacked a "minimum of civilized procedure." *Id.*; accord, e.g., *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011).

Oliver and Ross do not satisfy any of our recognized bases for avoiding a valid collateral-attack waiver. Instead they seek to avoid the waivers on three grounds: (a) that they are asserting a non-waivable "jurisdictional" challenge to the constitutionality of the statute of conviction; (b) that allowing their convictions to stand would result in a "miscarriage of justice"; and (c) that their § 924(c) convictions rest on a "constitutionally impermissible factor," which they read much more broadly than our case law does to include any constitutional objection. We address these arguments in turn.

A. *"Jurisdictional" Challenge?*

Oliver and Ross argue that after *Davis*, their convictions are void because § 922(u) cannot qualify now as a predicate crime of violence. They label this a "jurisdictional" flaw that implicates "the very power" of the government to prosecute them so that the challenge is not waivable, citing *United States v. Phillips*, 645 F.3d 859 (7th Cir. 2011). We explained in *Phillips* that the defendant's guilty plea—alone, without any express waiver of the right to appeal or bring a collateral attack—acted as a waiver of an as-applied vagueness challenge to the constitutionality of the statute of conviction. *Id.* at 862. Our opinion signaled that a guilty plea would not waive "jurisdictional" challenges but aptly cited cases that rejected various challenges as not "jurisdictional," including a Ninth Circuit opinion that observed: "What constitutes such a jurisdictional defect, however, is not

entirely clear: this circuit has held that such claims are limited to claims that the statute is facially unconstitutional; or that the indictment failed to state a valid claim; or vindictive prosecution; or possibly selective prosecution." *United States v. Johnston*, 199 F.3d 1015, 1019–20 n.3 (9th Cir. 1999). To show what might be "jurisdictional," *Phillips* and *Johnston* also cited *Blackledge v. Perry*, 417 U.S. 21, 30–31 (1974), which held that a defendant who had been convicted of a misdemeanor could exercise his right to trial *de novo* in state court without being retaliated against with a new felony charge. The defendant's plea of guilty to the felony did not bar him from raising a federal due-process challenge to the charging decision. *Id.*

We need not decide here the scope of such an exception for "jurisdictional" challenges after a guilty plea. *Phillips* and the cases it cited teach at most that a guilty plea, standing alone, will not be construed as waiving "jurisdictional" claims. They do not address *express* waivers of appeal and collateral-attack rights. The broad and explicit terms of Oliver and Ross's collateral-attack waivers encompass their current challenges, whether they are labeled "jurisdictional" or not.

Contract principles make Oliver and Ross's agreements enforceable even against a so-called "jurisdictional" challenge. After all, one major purpose of an express waiver is to account in advance for unpredicted future developments in the law. Waivers like those that Oliver and Ross agreed to are intended to cover situations like this one. "We have consistently rejected arguments that an [express] appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *United States v. McGraw*,

571 F.3d 624, 631 (7th Cir. 2009). Plea-bargain waivers allocate the risk of the unknown for both sides: "By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005).

Still, Oliver and Ross argue that their "jurisdictional" challenge is different because the law has changed "such that a conviction for § 924(c) predicated on § 922(u) is facially unconstitutional," and they are thus imprisoned under a charging theory that is now invalid. But the Supreme Court has not declared such claims "non-waivable" by express agreement. Neither have we. To the contrary: "We have repeatedly said that a defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments." *United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014).

Finality matters in plea agreements, especially when the parties have negotiated for it expressly. In *United States v. Worthen*, 842 F.3d 552 (7th Cir. 2016), the defendant challenged a § 924(c) conviction on the dual grounds that the residual clause is vague and that his predicate offense did not qualify under the elements clause. We enforced his appeal waiver and dismissed the appeal. We warned that ignoring appeal waivers in plea agreements could yield "perverse" consequences. *Id.* at 555. If a defendant can make a seemingly beneficial plea agreement and can then "renege on his deal and maintain an appeal, then why would the government make these kinds of deals in the future? Why wouldn't the government instead just charge defendants … with all applicable crimes and see what sticks after the

appeal?" *Id.* at 555–56; see also *Davila v. United States*, 843 F.3d 729, 732–33 (7th Cir. 2016) (agreement to plead guilty under § 924(c) waived right to bring collateral challenge based on *Johnson* vagueness holding). Here, at the time of their pleas, both Oliver and Ross obtained substantial benefits in exchange for their promises. The government dropped other robbery and firearm charges and recommended favorable departures from the Sentencing Guidelines.

Nonetheless, Oliver and Ross view *Class v. United States*, 138 S. Ct. 798 (2018), as holding that facial constitutional challenges to a statute of conviction are simply unwaivable—even by an express waiver. *Class* is not as sweeping as Oliver and Ross contend. Rather, *Class* was about how to interpret only a plea of guilty, not the terms of a plea agreement for which the parties bargained. *Class* held that a guilty plea, *by itself*, does not implicitly waive a defendant's right to challenge the constitutionality of his statute of conviction. *Id.* at 803–05. That holding did not encompass express waivers of such challenges.

This limit on the holding of *Class* is evident from the logic of the opinion. The Court made a point of first considering whether Class's argument fell within the scope of the narrow *express* waivers in his plea agreement before analyzing the effect of the plea itself. *Id.* at 802–03. The Court considered whether Class had expressly waived the challenge in his plea agreement and found that he did not. Only then did the Court move on to the harder question of implied waiver from the guilty plea alone. *Id.* at 803. Later in its opinion, the Court again noted that Class's argument was not encompassed by his express waiver. *Id.* at 805, 807. Thus, rather

than suggesting that an express waiver cannot bar constitutional arguments against the statute of conviction, the Court's reasoning assumed that Class's plea agreement *could have* expressly waived such an argument but had not actually done so. In this case, Oliver and Ross did expressly waive such challenges.

There is one additional problem with Oliver and Ross's "jurisdictional" argument. The fact that § 924(c)'s residual clause is unconstitutional does not mean that all § 924(c) convictions are unlawful. There is still the elements clause. To invalidate a § 924(c) conviction, a defendant must raise a constitutional challenge to the residual clause *and* establish that the elements clause does not cover the predicate offense. A successful claim that a § 924(c) prosecution lay beyond the government's power—and, thus, in Oliver and Ross's view, that their waivers are unenforceable—requires a defendant to engage with both the constitutional issue and a question of statutory interpretation.

In *Worthen* we rejected that approach to invalidating a waiver in a § 924(c) case as "entirely circular," depending on the merits of the disputed appeal. 842 F.3d at 555; see also *United States v. Carson*, 855 F.3d 828, 831 (7th Cir. 2017) (enforcing waiver of appeal and, quoting *Worthen*, rejecting rule "that an appeal waiver is enforceable unless the appellant would succeed on the merits of his appeal"). It would not be unconstitutional for the government to prosecute a § 924(c) charge predicated on § 922(u) under the elements clause. The government might well lose under a statutory interpretation of the elements clause, but the prosecution itself would not lie beyond the government's *power*. Oliver

and Ross cannot avoid their waivers of collateral attacks on the theory that they have raised a "jurisdictional" challenge.

B. *Miscarriage of Justice?*

Nor will enforcing Oliver and Ross's collateral-attack waivers cause a "miscarriage of justice." Oliver and Ross cite *United States v. Litos*, 847 F.3d 906, 910–11 (7th Cir. 2017), where we wrote that we "decided to ignore" an express appellate waiver to set aside an unjust restitution order. They urge us to extend *Litos* to § 2255 cases "where the petitioner makes a colorable claim of 'actual innocence'—a traditional means of showing a 'miscarriage of justice.'"

We decline the invitation. *Litos* concerned a unique circumstance that required an exercise of our equitable powers. There, absent our intervention, a bank that was not a party to the appeal waiver the government had negotiated would have received significant restitution even though the bank's own recklessness had substantially contributed to the loss. We decline to apply the narrow *Litos* holding against the government here. Its only arguable "wrongdoing" here was failing to anticipate changes in the Supreme Court's jurisprudence. See *Carson*, 855 F.3d at 830–31 (declining to extend *Litos* to waiver of appellate challenge to defendant's status under Armed Career Criminal Act).

The robbery of the pawnshop plainly violated the Hobbs Act, which we and other circuits have held, after *Johnson*, qualifies as a "crime of violence" under § 924(c)'s elements clause. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) (collecting cases); accord, *Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019). Thus, even overlooking the shootout that occurred, the government could easily have premised

the § 924(c) counts on the Hobbs Act robbery of the pawn shop in Indiana. It is not a miscarriage of justice to refuse to put Oliver and Ross in a better position than they would have been in if all relevant actors had foreseen *Davis*.

C. *Unconstitutional Factor?*

Finally, Oliver and Ross argue that their waivers should not be enforced because their convictions rest on a "constitutionally impermissible factor," by which they mean the residual clause of the definition of a crime of violence in § 924(c). Language in our opinions does say a blanket appellate waiver cannot bar a defendant from arguing that he was sentenced based on a constitutionally impermissible factor. E.g., *United States v. Hicks*, 129 F.3d 376, 377 (7th Cir. 1997). That language does not extend to all arguable constitutional claims. We have not expanded this exception beyond "identity-based factor[s] such as race or gender." See *Cross v. United States*, 892 F.3d 288, 298–99 (7th Cir. 2018) (clarifying that this exception is limited to identity-based factors unless plea agreement itself ambiguously uses "impermissible factor" phrase, thus inviting courts to construe the language broadly against the drafter). This limitation makes sense. Even broad express waivers are not meant to permit judges to base a sentence on race or gender while escaping scrutiny. In today's America, that would be an implausible reading of any such agreement's scope. But normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid waivers like the ones here.

\*   \*   \*

Oliver and Ross expressly waived their right to appeal or collaterally attack their convictions or sentences, or the

manner in which they were determined or imposed, before "any Court on any ground." Because the waivers preclude these collateral attacks, we need not consider whether Oliver and Ross procedurally defaulted their claims or whether they could circumvent that default. The judgments of the district court denying relief from the appellants' convictions and sentences are

AFFIRMED.