**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014
Decided April 11, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3483

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 CR 110-1 |
| WALI ALI, | |
| *Defendant-Appellant.* | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Wali Ali pleaded guilty to two counts of bank robbery, *see* 18 U.S.C. § 2113(a), and one count of brandishing a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to 121 months' imprisonment on each bank robbery count, running concurrently, and 84 months' imprisonment on the firearm charge, running consecutively to the other counts. Counsel has submitted a brief that is adequate on its face—meaning that it explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve—and therefore we limit our review to the challenges to the district court's

rulings that counsel has identified as possibly having some merit plus any additional challenges to rulings that the defendant, disagreeing with counsel, believes have merit. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In 2010 Ali and two other men, armed with firearms and wearing bullet-proof vests, robbed a TCF Bank in Palos Heights, Illinois. While his co-conspirators forced employees to remain in the lobby, Ali collected more than $100,000 from the bank's vault. After police apprehended Ali, he confessed to committing four other bank robberies between 2006 and 2010.

He pleaded guilty to one bank-robbery count and one § 924(c)(1)(A) firearm count related to the 2010 robbery, and another bank robbery count related to a 2007 robbery that also involved the use of guns. At sentencing the district court calculated a guidelines range of 97 to 121 months for the bank robbery counts and sentenced Ali to concurrent 121-month sentences. The court sentenced him to the 84-month statutory minimum sentence on the firearm count, to run consecutively to his bank-robbery sentence, *see* 18 U.S.C. § 924(c)(1)(A).

In his motion to withdraw, counsel explains that Ali has not indicated whether he wants to challenge his guilty plea but counsel properly concludes that any challenge to the plea would be frivolous. The transcript of the plea colloquy shows that the district court substantially complied with Federal Rule of Criminal Procedure 11. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). The court confirmed the factual basis for the plea, ensured that Ali's plea was voluntary, and explained the maximum and minimum penalties, the trial rights Ali would waive by pleading guilty, the role of the sentencing guidelines, and the judge's discretion in applying them. *See* FED. R. CRIM. P. 11(b). Although the court failed to discuss the forfeiture provision contained in the plea agreement, *see* FED. R. CRIM. P. 11(b)(1)(J), this oversight is harmless because the district court has not ordered a forfeiture. The government has since moved the district court under Federal Rule of Criminal Procedure 36 to correct the judgment to reflect the forfeiture, but even if the court grants the government's request and orders forfeiture, the omission in the plea colloquy is harmless error because it does not affect Ali's substantial rights. *See* FED. R. CRIM. P. 11(h). The plea agreement explicitly mentioned the forfeiture, and Ali's counsel confirmed at the plea hearing that he had reviewed the plea agreement with Ali and that Ali understood the terms and conditions of the agreement.

Counsel next considers whether Ali could challenge his sentence but correctly concludes that any argument would be frivolous. In his plea agreement Ali agreed to the upward adjustments for use of a firearm in the 2007 robbery, *see* U.S.S.G. § 2B3.1(b)(2)(B), the monetary loss to financial institutions attributed to each robbery, *see id*. § 2B3.1(b)(1), (b)(7), and the use of body armor in the 2010 robbery, *see id*. § 3B1.5(2)(B). Ali did not object to the court's application of the sentencing guidelines, and counsel is unable to identify any potential errors in the court's calculations. His within-guidelines sentence is presumed reasonable, *see United States v. Cheek*, 740 F.3d 440, 455 (7th Cir. 2013). The court acknowledged a factor in mitigation pressed by Ali—his advanced age (67 at the time of sentencing)—but concluded that a 121-month imprisonment term was necessary to reflect the serious nature of Ali's bank-robbery offenses, *see* 18 U.S.C. § 3553(a)(1), punish Ali, *see id*. § 3553(a)(2)(A), deter him from committing future offenses, *see id*. § 3553(a)(2)(B), and protect the public from future criminal conduct, *see id*. § 3553(a)(2)(C).

In his Rule 51(b) response, Ali seems to identify himself as a sovereign citizen and asserts that he is immune from prosecution. But this argument would be frivolous to raise on appeal because we have repeatedly rejected theories that a defendant is sovereign and beyond the jurisdiction of the courts. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Ali also implies in his Rule 51(b) response that his charging document is inadequate because it is not supported by sworn affidavits. This argument too would be frivolous because Ali waived his right to a formal indictment during the plea colloquy. Moreover, "[a]ll non jurisdictional issues not specifically preserved in the conditional plea agreement are waived." *See United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009). An assertion that an indictment is not supported by sufficient evidence does not affect the jurisdiction of the court, *see United States v. Cotton*, 535 U.S. 625, 630–32 (2002), and so Ali's argument is waived.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.