NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013
Decided May 23, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2025

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> EDGARDO LOPEZ-ARROYO, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 CR 46-2 <br><br> George W. Lindberg, <br> *Judge.* |

**O R D E R**

Edgardo Lopez-Arroyo pleaded guilty to conspiring to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court calculated a guidelines range of 108 to 135 months' imprisonment, and sentenced him to 120 months, the statutory minimum for participating in a conspiracy that involved at least 5 kilograms of cocaine (as he admitted during his plea colloquy). *See id.* § 841(b)(1)(A)(ii)(II). Arroyo filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Arroyo opposes this motion and requests the appointment of new counsel. *See* CIR. R. 51(b). We confine our review to

the potential issues identified in counsel's facially adequate brief and Arroyo's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises us that Arroyo does not wish to challenge his guilty plea, so counsel properly omits from her brief any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel and Arroyo both consider whether Arroyo might argue that he was denied his right to a speedy trial. But as counsel correctly notes, Arroyo's unconditional guilty plea waived "all nonjurisdictional defects arising before his plea," *United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011), including any speedy-trial claim, *see United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008); *Washington v. Sobina*, 475 F.3d 162, 165-66 (3d Cir. 2007); *see also Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004).

Counsel and Arroyo both discuss whether the district court properly applied a two-level upward adjustment for possession of a gun during the commission of the offense. *See* U.S.S.G. § 2D1.1(b)(1). The court applied the adjustment because Arroyo admitted (in a statement to investigating officers following his arrest) that he had a gun with him in his car during a meeting with an undercover officer to reclaim an advance payment for a failed drug transaction. As counsel explains, any challenge to that ruling would be frivolous. "Guns found in close proximity to drug activity are presumptively connected to that activity," *United States v. Bothun*, 424 F.3d 582, 586 (7th Cir. 2005), and Arroyo admitted having the gun with him during a drug transaction. Arroyo also did not show that it was "clearly improbable" that the gun was connected with the offense, *United States v. McCauley*, 659 F.3d 645, 652 (7th Cir. 2011); the district court was not required to accept Arroyo's explanation that he purchased the gun to protect himself from anonymous callers rather than others in the drug trade, *see United States v. Cruz-Rea*, 626 F.3d 929, 938 (7th Cir. 2010) (not "clearly improbable" that guns were connected to offense despite defendant's assertion that he possessed guns only for resale).

Counsel also addresses whether Arroyo could challenge the reasonableness of his 10–year prison sentence. But that term reflects the statutory minimum for Arroyo's crime. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). The district court could not have gone lower because the government did not move for a reduction under 18 U.S.C. § 3553(e), and Arroyo was not eligible for the "safety valve" given the adjustment for possession of a handgun, *see id.* § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2); *McCauley*, 659 F.3d at 648 n.2.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. Because we agree with counsel that an appeal would be frivolous, we DENY Arroyo's request for substitute counsel.