NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 25, 2015
Decided April 15, 2015

**Before**

William J. Bauer, *Circuit Judge*

Joel M. Flaum, *Circuit Judge*

Daniel A. Manion, *Circuit Judge*

| | |
|---|---|
| No. 14-2216 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| United States of America, | |
| *Plaintiff-Appellee*, | No. 12-CR-190 |
| v. | **William C. Griesbach**, *Judge*. |
| Kamel M. Khatib, | |
| *Defendant-Appellant*. | |

**O R D E R**

Kamel Khatib was convicted at a bench trial of one count of violating 18 U.S.C. § 922(n) after he received four firearms while he was under information for a felony. On appeal, Khatib claims that the district court violated the Speedy Trial Act, 18 U.S.C.

§ 3161, by allowing more than seventy non-excludable days to pass between his initial appearance and his trial. We affirm.

## I. Background

Kamel Khatib was under a Wisconsin felony information for drug possession and skipping bail when he paid $2,000 for four AK-47 rifles. What Khatib did not realize was that the arms dealers were actually undercover agents who facilitated the meeting after hearing from a confidential source that Khatib sought to obtain weapons in order to arrange a murder. Upon receipt of the weapons, Khatib was arrested. On September 11, 2012, he was indicted under 18 U.S.C. § 922(n) for one count of willfully receiving a firearm while under information for a crime punishable by more than one year in prison. On January 27, 2014, he was tried at a bench trial and was found guilty in a written order entered almost three weeks later. He was sentenced to forty-six months of imprisonment, three years of supervised release, and a $100 special assessment.

The route to trial was circuitous. After obtaining two extensions to allow for pre-trial motions and trial preparation, Khatib's first attorney moved to withdraw as counsel on January 3, 2013. The court granted this motion, and a new counsel was appointed approximately three weeks later on January 26, 2013. On February 4, 2013, the court learned that the first attorney did not transfer discovery to his successor and set a show cause hearing to establish why this transfer did not take place. The delay resulting from the substitution of counsel and the show cause hearing was counted as excludable because the defendant's interest in receiving a fair trial with prepared counsel outweighed the public's interest in a speedy trial.

For his part, Khatib did not remain idle during this period. Despite the fact that he was represented by counsel, he began filing a flurry of *pro se* motions addressing all aspects of his case, including the effectiveness of counsel, the constitutionality of the statute, and the conditions of his confinement. Among these filings was a motion to dismiss for violations of the Speedy Trial Act and the Sixth Amendment. Khatib brought the first wave of these motions on February 26, 2013, and, on March 15, 2013, the court dismissed them as frivolous because they were not brought through counsel. The balance of the delay resulted from a competency hearing which the court ordered on April 2, 2013, at the government's request and with consent of Khatib's counsel. Three months later, the evaluation still had not taken place and the court ordered the

government to report why Khatib had not been moved from the county jail to FMC Butner, the facility to which he had been designated for treatment. The government explained that the delay was caused by a lack of available beds at FMC Butner, but that Khatib would begin treatment in the second week of July.

On November 8, 2013, defense counsel informed the court that he had spoken with Khatib's doctor at FMC Butner, who opined that Khatib was "likely" competent to proceed. The court received Khatib's psychiatric report on December 4, 2013, and scheduled a status conference for December 20, 2013, at which it set a trial date of January 20, 2014. The court excluded all time between the date of the competency hearing and the trial date under the Speedy Trial Act.

While all of this was happening, Khatib continued to send letters and motions to the court on his own behalf rather than through counsel. Once again, these motions covered the spectrum of issues ranging from discovery to constitutional violations. On January 17, 2014, the district court held a hearing at which Khatib was offered the opportunity to proceed *pro se*. He declined to do so and the court denied his motions as frivolous because they were not filed through counsel.

Khatib waived his right to a jury trial and a bench trial was conducted on January 27, 2014. After the district court conducted an *in camera* review of documentary evidence, Khatib was found guilty in a written order entered on February 18, 2014.

## II. Analysis

The Speedy Trial Act provides that, notwithstanding excludable delay, a defendant must be brought to trial within seventy days of the filing of an indictment or information or the date of initial appearance. § 3161(c)(1). Waiver occurs where the defendant fails to bring a motion to dismiss before trial or the entry of a guilty (or nolo contendere) plea. § 3161(h)(8). Normally, the fact that Khatib's counsel never moved to dismiss on speedy trial grounds would render the issue waived for appeal. *United States v. Broadnax*, 536 F.3d 695, 698 (7th Cir. 2008). The wrinkle here is that, independent of his counsel, Khatib filed a *pro se* motion to dismiss on speedy trial grounds. He claims that his motion is sufficient to preserve review of this issue.

        This court has held that a defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions. *United States v. Wiliams*, 495 F.3d 810, 813 (7th Cir. 2009) (citing *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)). Here, Khatib, on his own, inundated the court with over fifty filings—some of them letters, others motions—all of them seeking some form of redress. On January 17, 2014, the court conducted a hearing at which it offered Khatib the choice to represent himself *pro se*, or to continue to be represented by counsel. Significantly, the court informed Khatib of the implications of his choice: proceeding with counsel would render his *pro se* motions frivolous as they were not brought through counsel.  Khatib chose this course of action and he did so knowing the consequences. Once this occurred, the court promptly dismissed the *pro se* motions as frivolous. As a result, the court made no factual findings regarding speedy trial actions and offered no explanation of the relevant time delays.  In short, there are no factual findings for us to review as Khatib waived this issue.[1]

        The sheer volume of filings–covering the spectrum of defenses and objections—informs our decision that he had waived this defense. Instead, the defendant engaged in a disjointed, two-track process of attack whereby defense counsel offers one line of defense while the defendant engages another by dealing directly with the court. To be sure, *pro se* defendants are accorded a certain latitude; Khatib, however, was not a *pro se* defendant. He was represented by counsel who directed his defense and filed motions on his behalf. The mere inclusion—among a flood of other frivolous filings—of a motion to dismiss on speedy trial grounds is not sufficient to preserve this issue.

        Khatib also argues that, even if we deem him to have waived his right to appellate review, we should nonetheless review the district court for plain error. But the Act explicitly provides that a defendant's failure to move to dismiss the indictment constitutes a waiver—and not a forfeiture—of his rights under the Act. § 3161(a)(2).

---

        [1] This is not to say that every *pro se* motion brought by a defendant represented by counsel will fail to preserve an issue for appeal in every instance. Where a defendant is represented by counsel who—intentionally or negligently—fails to move to dismiss under the Speedy Trial Act, a discrete motion by the defendant may be sufficient in some cases to preserve the issue.

Because he has waived his rights under the Act, we may not address his argument on appeal. *See United States v. Morgan*, 384 F.3d 439, 443 (7th Cir. 2004).

The order of conviction entered by the district court is AFFIRMED.