NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 1, 2015
Decided November 19, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2524

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:13-cr-00831-1 |
| SHUNTAY ANTONIO BROWN, *Defendant-Appellant*. | James B. Zagel, *Judge*. |

**O R D E R**

Shuntay Antonio Brown was charged with making false statements under penalty of perjury in a bankruptcy case. *See* 18 U.S.C. § 152(3). He initially pleaded not guilty and was released pending trial. Later, after he exhibited some strange behavior, the district judge ordered him to undergo a competency examination and ordered him detained for that purpose. *See* 18 U.S.C. §§ 4241, 4247(b). That detention should have lasted no more than 45 days, 18 U.S.C. § 4247(b), but it lasted much longer—161 days. Brown was released only after he pleaded guilty, which he did through an agreement in which: (1) he maintained his innocence, *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970); and (2) the government recommended a sentence of time served. He was sentenced to time served, with no supervised release.

On appeal, through his appointed lawyer, Brown argued that his plea should be vacated because it was coerced by his improper detention. At oral argument, we questioned the wisdom of advancing this argument, noting that if Brown's plea were vacated, he could face further incarceration. Counsel informed us that he had discussed the issue with Brown, who understood the risks but wished to proceed. But after oral argument, and before we ruled on the merits, counsel informed us that Brown—who had listened to a recording of the oral argument—wished to withdraw the argument that his plea was involuntary. So, while we discuss the argument briefly, we do not reach the merits.

After the oral argument, Brown's appointed lawyer then sought to withdraw from the case, believing that no other non-frivolous argument could be made on Brown's behalf. *See Anders v. California*, 386 U.S. 738 (1967); 7th Cir. R. 51(b). Brown opposed the motion and wants to argue that the delays in his case violated the Speedy Trial Act. Counsel submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because counsel's analysis appears to be thorough, we limit our review to the issue discussed in counsel's brief and Brown's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Because Brown's argument under the Speedy Trial Act was waived and is frivolous, we granted counsel's motion to withdraw and we now dismiss the appeal.

## I. ANALYSIS

### A.     Brown's Initial Argument That His Plea Was Involuntary

"By pleading guilty to a criminal charge, a defendant waives several fundamental constitutional guarantees. Because a defendant sacrifices these critical rights, both due process and [Federal Rule of Criminal Procedure] 11 require that a defendant's guilty plea be made voluntarily and knowingly." *United States v. Fard*, 775 F.3d 939, 943 (7th Cir. 2015). In initially arguing that his plea was involuntary, Brown focused on his extended detention; some details of that detention follow.

- **January 28, 2014**: Brown is detained so his competency can be evaluated.

- **March 20 (51 days in custody)**: Judge learns that Brown has been held at a facility that does not provide for competency examinations. Judge orders Brown transferred.

- **March 24 (55 days in custody)**: Brown moves to be released, citing 18 U.S.C. § 4247. Although Brown is represented by counsel, he files the motion himself.

- **April 8 (70 days in custody)**: Judge tells Brown that, because he is represented, he may not file his own motions. His motion is terminated without discussion of the statutory time limit.

- **April 21 (83 days in custody)**: Brown files another motion on his own, mentioning his extended detention in violation of 18 U.S.C. § 4247.

- **April 30 (92 days in custody)**: On his own, Brown orally moves to be released, citing 18 U.S.C. § 4247. Without elaboration, judge says, "I think [Brown's] reading of the statutes is too constrained."

- **May 6 (98 days in custody)**: Though the report has not been written, the competency examination has been performed, so Brown requests (on his own) to be released. Judge says he's "reluctant to do that," and denies request.

- **June 12 (135 days in custody)**: Release is denied because judge does not want Brown arrested on an outstanding state-court warrant.

- **July 1 (154 days in custody)**: Judge finds Brown competent to stand trial. Release denied because issues of release have by this time been referred to the magistrate judge.

- **July 8 (161 days in custody)**: Brown maintains his innocence but signs plea agreement in which government recommends a sentence of time served. That is the sentence imposed (with no supervised release).

As shown, Brown repeatedly urged that his detention violated 18 U.S.C. § 4247. If he was right—and the government has given us no reason to conclude otherwise—he should have been released. *See* 18 U.S.C. § 4247(g); *United States v. Fuller*, 86 F.3d 105, 106–07 (7th Cir. 1996) (habeas corpus is available to defendants whose detentions for competency purposes last too long). Aside from the judge's unexplained comment that Brown's reading was "too constrained," no one appears to have addressed the merits of Brown's argument. True, Brown was represented by counsel,[1] and a represented

---

[1] Brown was appointed counsel on the day he was arraigned. That lawyer was permitted to withdraw for

defendant may not ordinarily file motions on his own. But when someone makes a straightforward argument that he or she is being detained without authorization, the judge, defense counsel, and the prosecutor as an officer of the court, should ensure that the argument is addressed without unnecessary delay.

On appeal Brown initially argued that, because his statutory arguments were ignored, he pleaded guilty just to be released.[2] Although pleading guilty to obtain release is not uncommon, Brown argued that doing so is involuntary where the detention is unauthorized. Wholly separate from the merits, Brown's argument presented a practical concern. If we accepted it, the remedy would be to vacate the plea and remand, which could lead to further detention (and conviction on more serious charges, which the government had dropped as part of the plea agreement). After we raised this concern at oral argument, Brown withdrew his argument. So we do not address its merits.

**B.     Brown's Proposed Argument That the Speedy Trial Act Was Violated**

Brown wants to argue that the delays in his case violated the Speedy Trial Act. Broadly speaking, the Act requires dismissal of an indictment (with or without prejudice) if trial does not begin within 70 days of the defendant's first appearance. *See Blake v. United States*, 723 F.3d 870, 884 (7th Cir. 2013). Counsel argues that any Speedy Trial Act argument was waived—not merely forfeited—because neither of the lawyers who represented Brown below raised the issue, and Brown's attempt to do so on his own was ineffectual. *See United States v. Broadnax*, 536 F.3d 695, 699 (7th Cir. 2008) (failing to move to dismiss waives, rather than forfeits, arguments under the Speedy Trial Act); *United States v. Khatib*, 606 F. App'x 845, 847 (7th Cir. 2015) (unpublished) (argument waived if lawyer fails to file motion, even if defendant does so on his own). We reject counsel's argument because the district judge gave Brown permission to file the motion on his own. Tr. of Hr'g, May 6, 2014, at 3:19–21.

---

"irreconcilable differences" and the district court appointed a new lawyer. With our permission, that (second) lawyer withdrew after Brown's appeal was filed. We appointed a third lawyer to present Brown's appeal.

[2] The transcript from Brown's change-of-plea hearing lends some support to his contention. Brown asked several questions that indicate he was chiefly concerned with being immediately released. The judge told Brown, more than once, that pleading guilty would likely lead to his immediate release, but continuing to plead not guilty would lead to further detention. The judge also said, more than once, that he thought Brown's best choice was to plead guilty, because it would lead to his immediate release.

But Brown signed a plea agreement that waived his "right to a public and speedy trial," and waived "all appellate issues" other than "the validity of [the] plea and the sentence imposed." We agree with counsel that, by signing that unconditional and unambiguous plea agreement, Brown waived any argument under the Speedy Trial Act. *See United States v. Combs*, 657 F.3d 565, 568 (7th Cir. 2011); *United States v. Kingcade*, 562 F.3d 794, 797 (7th Cir. 2009); *see also United States v. Lopez-Arroyo*, 506 F. App'x 525, 526 (7th Cir. 2013) (unpublished) (defendant's unconditional guilty plea waived any speedy-trial argument).

In any event, the argument Brown wants to make is frivolous.[3] The Speedy Trial Act specifically excludes certain periods of time from the 70-day limit. 18 U.S.C. § 3161(h). As counsel argues, the entire period of Brown's detention is automatically excluded. 18 U.S.C. § 3161(h)(1)(A); *Fuller*, 86 F.3d at 106–07. Brown says that the 70-day limit was exceeded even before he was detained. But delays resulting from continuances are also excluded, provided the judge makes findings on the record that "the ends of justice served" by excluding time "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The judge made such findings and excluded all of the time from Brown's first appearance until his detention. *See* Order, Oct. 22, 2013 (excluding time through December 10, 2013, "in the interest of justice … pursuant to 18 U.S.C. § 3161(h)(7)(A)(B) and for reasons stated in open court"); Tr. of Hr'g, Dec. 10, 2013 (after defense counsel requested time to discuss options with Brown, court excluded time through January 28, 2014, "in the interest of justice so that the defendant may consider his plea and his other options, as well"). The Speedy Trial Act was not violated.

## II. CONCLUSION

For the reasons above, we DISMISS the appeal.

---

[3] An argument is "frivolous" if it is "so clearly blocked by … some [] authoritative source of law that [it] can be rejected summarily"—it need not be "silly or laughable[.]" *Bey*, 748 F.3d at 776.